Pratt *v.* Jones.

## GEORGE C. PRATT *v.* ASA JONES.

### *Scire Facias.* *Statutes.* *Costs.*

The statute of 1850, in relation to invalid and informal levies, (Comp. Stat. Chap. 45, § 46,) applies as well to levies made before, as after the passing of the act.

And it was held, that this act did not impair or vary the obligation of contracts; but only qualified the effect of certain evidence created (by the plaintiff,) under a misapprehension of its effect; and thus it advanced the remedy, and disturbed no right which the law can recognize.

And it was also held, that the statute of 1851, entitled "*An act relating to the repeal of statutes,*" did not apply exclusively to penalties sued for, or to penal statutes; but that it applies, to all pending proceedings in court, which depended upon any statute law, and saves the same from being defeated by the repeal of such law.

Where proceedings were commenced under the act of 1850, to obtain a new execution, a former execution having been levied upon land encumbered by a mortgage, without noticing the mortgage, and all the questions litigated in the court below being decided against the defendant; *it was held,* that he was not entitled to costs.

SCIRE FACIAS, to obtain a new execution, upon a judgment of a justice of the peace; a former execution having been levied upon a certain piece of land encumbered by a mortgage, without noticing the mortgage.

Plea, the general issue, and trial by jury. On trial, the plaintiff offered in evidence the said execution, and officer's return thereon, with the certificate thereon of the recording of the same, all dated in September, A. D. 1843. The plaintiff also offered in evidence, a mortgage deed of the premises levied upon, from the said Asa Jones to one Simon Warren, bearing date the 7th day of August, A. D. 1827, and recorded on the 9th day of said August, A. D. 1827, which execution, return, and certificate, and mortgage deed, were set forth in plaintiff's writ.

It was conceded, by the defendant, that the premises levied on, are part of the premises embraced in said mortgage deed, and that the mortgage notes were due at the time of said levy, and are still due.

The defendant then proved, that the property so levied upon, was turned out by the plaintiff, and that the levy was made in the

manner directed by the plaintiff, and that the defendant was not present, nor consenting to said levy.

The defendant requested the court to instruct the jury, that plaintiff was not entitled to recover; that in no event was plaintiff entitled to recover costs; and that defendant was in any event entitled to recover costs.

The court,—COLLAMER, J., presiding,—refused so to instruct the jury; but directed the jury to return a verdict for plaintiff; and that neither the plaintiff nor defendant was entitled to costs.

To the refusal to charge as requested, and to the direction to the jury, as to verdict for plaintiff, and disallowing costs to the defendant, the defendant excepts.

The jury returned a verdict for plaintiff, according to the direction of the court.

After verdict, and before judgment, the defendant filed a motion in arrest.

The court overruled the motion, and rendered judgment for the plaintiff. To which defendant excepted.

*Tracy, Converse & Barrett* for defendant.

This suit is brought under the statute of 1850. (Comp. Stat. Chap. 45, § 46.) Without that statute, this proceeding could not be taken. *Pratt* v. *Jones*, 22 Vt. 341.

I. Under the levy set forth, the judgment was satisfied. That satisfaction was by *matter* of *record*, and till the record is impeached, it is of as high and conclusive a nature as the record of the judgment itself.

The rights of the parties had become, under the law, as it existed prior to the act of 1850, fixed and vested. Jones had become discharged of the debt, by Pratt's having obtained the satisfaction, by the levy evidenced by the record.

The defect in the levy, complained of in this case, is not mere *matter of form.* It is matter of substance. This statute does not stand on the same ground as the 49th sec. chap. 45, Comp. Stat., as held in *Bell* v. *Roberts*, 13 Vt. 582.

It comes within the principle of the case of *Bates* v. *Kimball*, 2 D. Chip. 77. *Staniford* v. *Barry*, 1 Aik. 314. *Hill* v. *Sunderland*, 3 Vt. 507. *Ogden* v. *Sanders*, 12 Wheat. 254. Also, see language of C. J. KENT, 7 Johns. 503, 506, to 508.

Pratt *v.* Jones.

*As a rule of construction,* statutes are not to be construed as having a retrospective operation, unless such intention is clearly expressed.

The statute in question contains no such expressed intention.— *Hastings* v. *Lane,* 15 Maine, 134. *Lawry* v. *Keyes,* 14 Vt. 66.

II. This *sc. fa.* must fail, because the law authorizing it has been repealed. Acts of 1852, No. 9. The act of 1851, No. 15, does not embrace this case. That act applies only to suits brought on statutes.

III. The plaintiff directed the set off, with full knowledge of the existing mortgage to Warren. That mortgage, having been on record for years, charges him with such knowledge.

The defendant claims that plaintiff is estopped now to have this court help him to remedy, as against his own witting and free act. He cannot allege ignorance of the law, as to the effect of the record charging him with knowledge of the mortgage. Nor as to the effect of the mortgage on his levy. Nor claim any aid, as against his disregard of the law in that behalf.

IV. In no event can the plaintiff have costs. In any event, the defendant is entitled to costs. This is a proceeding to which he is subjected without fault of his own.

The plaintiff, of his own motion, has got "*into a fix,*" and in order to get out, compels the defendant into court. Defendant has no power over the record. He finds it as it has been made by the plaintiff, and is satisfied with its legal consequences. He is brought here by the plaintiff, not to get any benefit to himself, but as the necessary counterpart of the proceeding, which the plaintiff is taking for his own benefit.

*O. P. Chandler* for plaintiff.

Under the statute of 1850, the action was maintainable, nor was the defendant entitled to costs. Comp. Stat. 315.

The action is not lost by reason of the repeal of that statute, for by the act of 1851, the repeal of statutes shall not effect suits previously commenced, where the plaintiff has declared upon the provisions of any statute.

There is much more propriety, that the act of 1851 should apply to suits brought upon the strength of general remedial statutes,

than in case of penal statutes, and in case of doubtful construction, we should look to the evil to be remedied by the law.

This action may be sustained independent of the statute, inasmuch as the plaintiff had in his writ alleged such facts, as would render the set-off void.

The opinion of the court was delivered by

REDFIELD, CH. J.   This is a *scire facias* to obtain a new execution upon a judgment of a justice of the peace, a former execution having been levied upon land encumbered by a mortgage, without noticing the mortgage.   This proceeding is founded upon a statute passed at the session of 1850, the levy having been made long before that.

1. It is claimed that this statute was not intended to operate upon levies made before the passing of the act.   But the terms of the act embrace all time prior to the petition, without limitation, and it embodies in one section all the former remedies, where the executions had been levied upon property not belonging to the debtor, and merely adds another case, that of executions levied upon land encumbered by mortgage, without regarding the mortgage.   So that it is very certain the act was made in terms, and no doubt understandingly, to apply, as well to levies made before, as after the passing of the act.

2. But it is said the legislature has no power to pass any such law, inasmuch as it disturbs vested rights.   But we think this view is not maintainable.   The plaintiff had an acknowledged debt originally, and there is no pretence it had been barred in any other mode, except by this levy.   This barrier did operate, as a bar to an action of debt, or common law *scire facias*.   But that was merely by reason of an act done by the plaintiff, in which the defendant had no agency, and which effected an estoppel upon the plaintiff's right, in a manner not intended by him, and not in any sense brought about by the defendant, and where none of his property had been legally taken.   It was matter of evidence merely.   The act did nothing more than to remove this estoppel.   It pertained purely to the remedy, and was in effect enlarging the remedy instead of restricting it, and advancing the right on one side, without denying any right on the other.   If this levy was of the nature of a contract between the parties, or a statute bar, it might

be more questionable, how far the legislature could divest it. But as it was, it seems to us not in any sense to impair or vary the obligation of the contract, but only to qualify the effect of certain evidence created by the plaintiff, altogether under a misapprehension of its effect; and thus to advance the remedy, and disturb no right which the law can recognize as valuable, or justly entitled to be regarded as inviolable.

3. But at the last session of the legislature, this provision of the Compiled Statutes was repealed, and this will defeat this proceeding perhaps, unless saved by the statute of 1851, in regard to the repeal of certain statutes. We can, of course, know nothing about this statute of 1851, but what appears upon its words. It is entitled " An act relating to the repeal of statutes." The title of the statute is altogether general. We might, from this alone, suppose it had reference to the repeal of all statutes. If the act had been intended to apply exclusively to penalties sued for, or to penal statutes, it is scarcely to be supposed, so general a title would have been adopted. And the words of the enacting clause obviously extend beyond penal statutes, or suits for penalties. One clause has exclusive reference to penal statutes, and the other words are added to extend the operation of the act beyond that. The other words used in the act are not very definite; but so far as we can gather their fair import, it would seem to be their purpose and intention to save all pending proceedings in court, which depended upon any statute law, from being defeated by the repeal of such law. This is a very natural and just purpose, and one that would scarcely escape the consideration of a prudent draughtsman, or legislator. Without such a provision, the statute would be very narrow, and partial, and unequal in its operation, and with it, highly just, and equitable, and comprehensive. And the words seem to imply this. In any suit, in which the plaintiff " has or shall declare upon any statute, or count upon the provisions of any statute." This evidently is intended to include two classes of suits—one, where the declaration is in terms dependent upon the statute, and where the form and vitality of the remedy depends upon the operative force of the provisions of the statute. It would be absurd to say, that if this declaration concluded *contra formam statute*, or referred to the statute, by section and chapter, it would be saved, and without that, it is irretrievably lost. No legislature

could have intended any thing so absurdly puerile and unjust as this. And if the words do not mean just this, and no more, they must signify what we have before said—that all statutory remedies shall be saved from destruction, by the repeal of such statute, during their pendency. This is just, and rational, and consistent with the words, and no other view occurs to us, as being equally so.

The estoppel is removed by the statute, and we see nothing in the case which should entitle the defendant to costs, in the County Court. All the questions litigated were decided against him, and aside from the statute, upon general principles, it seems to us, the other party should have had costs.

Judgment affirmed.