TOWN OF TUNBRIDGE *v.* TOWN OF ROYALTON.

TOWN OF CHELSEA *v.* SAME.

*Bridge.    Town.    Attorney Signing Petition.    Act of* 1884, *No.* 18.    *Pending Suits.*    R. L. s. 2978.

1. An attorney of a town, instead of one of its officers, can properly sign its name to a petition brought under No. 18 of the Acts of 1884, praying to be relieved from liability of supporting a bridge in another town.
2. The Act of 1884, No. 18, did not apply to cases pending at the time of its passage; but a cause heard and disposed of in 1881, under R. L. s. 2978, was not pending.

PETITIONS to the Supreme Court of Orange County.    The petition was signed "Town of Chelsea, by its attorney, S. B. Hebard."

*S. B. Hebard,* for the petitioners.

*Lamb & Tarbell,* for the petitionee.

The opinion of the court was delivered by

TAFT, J.    These cases are petitions under No. 18 of the Acts of 1884, asking to be relieved from liability to support a bridge in the town of Royalton.    The petitionee moves to dismiss the petitions for that they are not properly signed. The petition in each case is signed the name of the petitioning town, "by its attorney, S. B. Hebard."    The act authorizing the proceeding reads, "any town, etc., may petition the court."    It nowhere provides for the signing by any particular officer of the town; and we are not aware of any law making it the duty of any officer of the town to sign such petitions.    An attorney of the town may as well sign as the town agent or the selectmen.    The signature was sufficient.

The act in question does not apply to cases pending at the time of its passage; and it is .claimed, that the cause in which it was originally adjudged that the petitioning towns should contribute to the support of the bridge, is still pending, an adjudication in said cause having been had in March, 1881, under R. L. s. 2978, which permits a town to apply every five years for a new apportionment of the expense of maintaining the bridge. It is true, another application for a re-apportionment cannot be made until March, 1886; but the case is not in court; it is not on the docket of the court, and the court have no power over it in any respect. It was not a pending case at the time of the passage of the Act of 1884.

Again the petitionee urges that this proceeding cannot be sustained until the expiration of five years from the last adjudication under R. L. sec. 2978. There is no sound reason for so holding. Sec. 2978 presupposes the continued liability of the adjoining towns, and merely provides for a change in the apportionment of the expense of maintaining the bridge; but the Act of 1884 was passed for the purpose of relieving the outside towns entirely from bearing any part of the expense of supporting bridges or roads without their own limits; and application can be made for such relief at any time.

The motion to dismiss is overruled.