## TOWN OF WARDSBORO v. TOWN OF JAMAICA.

*Highway. Acts of 1884, No. 18. Vested Rights.*

1. A decree of court ordering one town to aid in the maintenance of a highway in another town, on petition under the statute of 1884, No. 18, may be vacated on proof of necessity for a considerable portion of the way for ordinary use to an inhabitant of such other town. An absolute necessity, or any necessity for the entire length of the way, is not required.

2. A judgment will not be reversed unless it affirmatively appears that it was erroneous; thus, the court refused to consider whether the petitionee had a vested right in an assessment, as it did not appear that any assessment was then due.

PETITION under section 6 of No. 18 of the Acts of 1884. Heard by the court, March Term, 1886, WALKER, J., presiding. The petition was heard upon evidence taken upon notice and filed in court.

It appeared that the County Court made an order in 1873, by which the town of Wardsboro was assessed to pay to the

Wardsboro *v.* Jamaica.

town of Jamaica forty per cent of the expense of putting and keeping in repair the highway described in the petition. Judgment that said order be vacated; and that all proceedings to enforce the collection in payment of any assessment made upon said order of 1873, after the service of the petition in this cause, be staid.

The case appears in the opinion.

*J. L. Martin* and *J. M. Tyler*, for the petitioner.

*E. L. Waterman*, for the petitionee.

The opinion of the court was delivered by

Royce, Ch. J.   This was a petition brought under section 6 of No. 18 of the Laws of 1884 to vacate an order previously made assessing the town of Wardsboro a certain portion of the expense of keeping in repair a highway in the town of Jamaica. Said section provides that " any town assessed towards the expense of maintaining or repairing any bridge or highway in another town, under the laws now in force, may petition the court which ordered said assessment, such petition to be served upon the town to whom the assessment is paid, as provided in section two of this act, and upon proof that said highway or bridge is a necessity to any inhabitant of said town to which the assessment is paid, said court shall vacate the order or decree for such assessment.   And whenever any such petition is brought, the court shall, upon application, order a stay of any and all proceedings to enforce the collection or payment of any such assessment."

The court found that the highway in question was a necessity of an absolute character to two of the inhabitants of Jamaica for about one-half its length; and that the highway for its whole length was necessary for giving said two inhabitants and several others reasonable highway facilities for the transaction of their ordinary business.   The court thereupon vacated said order, and ordered that all proceedings to collect said assess-

Bullock v. Guilford.

ments after the service of the petition should be stayed.  The question presented is as to the validity of that order.

Its validity must depend upon the construction to be given to the act under which the petition was brought.  Counsel for the petitionee claim that the right to vacate such an order can only be exercised when it is shown that the highway for its entire length is a necessity to some inhabitant of the town in which it is located.  We do not think that the act should be so construed.  The necessity spoken of in the act means the necessity for the use of any considerable portion of the highway for ordinary use ;  not an absolute necessity, but such a necessity as highways are ordinarily used for in the transaction of usual business.  So upon the facts found the order was properly vacated.

An exception was taken to the restraining part of the order. To justify a reversal of the judgment it must affirmatively appear that it was erroneous ;  and the error complained of is that it deprived the petitionee of a vested right in that it deprived it of the right to collect an assessment then due.  The conclusive answer to that claim is that it does not appear that there was any assessment then due ;  and hence the case fails to show that there was any vested right of which the petitionee has been deprived.

There was no error, and the judgment is affirmed.