# TOWN OF STRAFFORD *v.* TOWN OF SHARON.

*Highways.    Contribution between towns to maintain.    Vested right.*

1.  Under No. 16, Acts of 1882, providing for contribution between towns in the construction of bridges, Sharon began a proceeding against Strafford, by virtue of which it obtained a judgment for contribution in 1885.  By No. 18 of the Acts of 1884, the act of 1882 was repealed, but sec. 8 of the latter act provided that it should not apply to suits then pending.  The act of 1884 provided that towns then contributing might apply to the court, which should vacate such order for contribution. Act No. 16, 1886, repealed section 8 of the act of 1884, but left the last-named provision in force.  *Held,* that under the act of 1884 as left Strafford could not be relieved from the order of 1885.

2.  For, by virtue of R. L., sec. 28, the act of 1884 would not have applied to the then pending suit, if the act had contained no sec. 8; so that the act could not acquire a force from the repeal of that section which it would never have had without it.

3.  Further, by the judgment of 1885, the town of Sharon acquired a right which the Legislature had no power to impair.

This is a petition of the town of Strafford against the town of Sharon, returnable to the January Term of the Supreme Court for the County of Windsor, 1888.

The petition represented that at the May Term of said Court, 1883, the town of Sharon had presented a petition against the town of Strafford, praying that the said town of Strafford might be required to contribute its just proportion towards the rebuilding and maintenance of the bridge across the White River in said Sharon, and that such proceedings were had in the premises that at the January Term of said Court, 1885, it was ordered that the said town of Strafford defray one-sixth part of the expense of so rebuilding and maintaining said bridge.

The petitioner prayed to refer to the former petition, the proceeding thereon, and the records thereof, and that the said order might be vacated pursuant to the statute in that behalf provided.

Strafford *v.* Sharon.

*Hunton. & Stickney,* for the petitioner.

In this State it rests entirely with the General Assembly to say in what manner and by whom highways and bridges shall be built and maintained. In pursuance of this right the Legislature, Acts of 1882, No. 16, enacted that any town might call upon any other town to contribute its just share towards building and maintaining a bridge within the limits of the first town; and the town of Sharon so filed its petition against the town of Strafford. In 1884, Act No. 18, the General Assembly repealed the act of 1882, but provided that the repeal should not apply to causes then pending. The petition of Sharon was then pending. In 1886, all that act of 1884 was repealed except three sections. Included in the portion repealed was the provision that the act should not apply to pending causes. One of the sections left repealed the act of 1882. Section 6, which was not repealed, was as follows:

" Any town assessed towards the expense of maintaining or repairing any bridge or highway in another town, under the laws now in force may petition the court, which ordered such assessment, such petition to be served upon the town to whom the assessment is paid as provided in section 2 of this act, and said court shall vacate the order or decree for such assessment."

The matter stands therefore exactly as if the Legislature in 1886 had repealed all previous enactments, and enacted the above section. The town of Strafford had at that time been assessed, and it now applies for relief as the statute provides.

It was particularly appropriate that such a law should be provided, for otherwise the town of Strafford would be subject to a peculiar burden, and the Legislature had the right to provide it. There was no vested right thereby impaired. *Pratt* v. *Jones,* 25 Vt. 303; *Hine* v. *Pomeroy,* 39 Vt. 211; *Wardsboro* v. *Jamaica,* 59 Vt. 514; *Bates* v. *Kimball,* 2 D. Chip. 77.

*William E. Johnson,* for the defendant.

By virtue of R. L. s. 28, the act of 1884 could not have applied to the suit which was pending between these two towns at the time of its passage. The addition of section 8 to the act

of 1884, providing that it should not apply to suits then pending, altered nothing. Therefore the repeal of that section effected nothing. The act of 1884 would not have applied to this case if section 8 had never been put in, hence it cannot apply after it has been stricken out.

We insist that the act of 1886, by repealing a portion of the act of 1884, could not give to the remainder of that act a force which the original act never possessed, even though the General Assembly might have enacted a new law to that purpose.

But in this case we maintain it could not have enacted such a law. The town of Sharon had acquired a right, by virtue of a judgment of the Supreme Court, to receive a certain amount from the town of Strafford, and that right the Legislature had no power to impair. *Starksboro* v. *Hinesburgh*, 13 Vt. 222 ; *Harris* v. *Townshend*, 56 Vt. 716.

The opinion of the court was delivered by

ROYCE, Ch. J. This was a petition brought to this court to vacate an order made by the Supreme court in Windsor county in 1885, assessing the town of Strafford to defray one-sixth part of the expense of building and maintaining a bridge in the town of Sharon, across White River.

The petitioner bases its claim upon the fact that the statute under which the order was made has since been repealed, and that the Legislature has provided a different remedy for towns that are found to be unreasonably burdened by the obligation to build and maintain bridges and highways.

The original proceeding was based on Acts of 1882, No. 16, and the order therein was made, as stated, in 1885 ; this petition is based on Acts of 1884, No. 18, so that the said original proceeding was pending at the time when the statute under which this petition is brought went into effect. By section 8, this statute is made inapplicable to pending causes, so that by the provisions of the act itself, and apart from any extraneous considerations, this cause, which was then pending, could not have been affected by it. But in 1886, the Legislature passed still another

law upon this same subject (Acts of 1886, No. 16) imposing the burden of building and maintaining highways and bridges, in the cases specified, on the towns in which they are situated, and on the State, and repealing among other things certain parts, including section 8, above referred to, of the act of 1884; so it is claimed for the petitioner that inasmuch as that section of the act of 1884, which provided that the act should not apply to pending causes, is itself repealed, the repealing part of said act, from which no further exception is made, must be given its full effect, and by virtue thereof the act of 1882 stands repealed. But there is a general statute, R. L. s. 28, which provides as follows : " The repeal of an act shall not revive an act which has been repealed, nor a right accruing, accrued, acquired or established, nor a suit or proceeding had or commenced in a civil case before the time when the repeal takes effect," etc. That this law applies to all pending proceedings in court depending on any statute law, see *Pratt* v. *Jones*, 25 Vt. 303. Hence we are unable to see how the subsequent changes in the law could affect at all the original proceeding between these parties which was pending at the time when the act repealing the' law under which it had been commenced was repealed.

But allowing to the act of 1886 all the repealing force which is claimed for it by the petitioner, we should still be forced to the same conclusion, on constitutional grounds. The order of assessment was made before the act of 1886 went into effect, and was, in legal effect, a judgment *inter-parties.* It is true that sec. 2978, R. L., provides that a town which deems itself oppressed by such order may, after five years, and once in every five years thereafter, apply for a new apportionment ; but this would indicate that it was the intention of the Legislature that such order should be binding and operative for five years at least, and for longer unless vacated in accordance with the provisions of the law. So the question presented for consideration is as to the right of the Legislature, by a repeal of the law under which the order was made, to deprive the party in whose favor it was made of all right to compel its enforcement.

(9)

Strafford *v.* Sharon.

The constitution of the United States prohibits the States from passing any *ex post facto* law, or any law impairing the obligation of a contract (Art. 1, sec. 10); so that if the obligation of the town of Strafford to contribute towards the building and maintaining of the bridge in question rested in contract, the Legislature could not pass any law that would release the parties from its performance. It is a distinction thoroughly settled by a substantially uniform course of decisions in this and other States, and in the federal courts, that while the Legislature of a State may make laws affecting the remedy for the enforcement of a contract, altering its character or substituting one remedy for another, yet it cannot, by reason of the constitutional prohibition, deprive the party of all remedy. If this cannot be done when the right exists in the form of a simple contract, express or implied, much less could it when that right has been ascertained and established by the judgment of a court of competent jurisdiction. The general rule is that a statute shall not be construed so as to interfere with existing contracts, rights of action, or vested rights, and shall not be given a retroactive effect, so as to impair such rights. It was said by Chancellor Kent, 1 Kent Com. 455, that a retrospective statute, affecting and changing vested rights, is generally considered in this country as founded on unconstitutional principles, and consequently inoperative and void. It is a settled rule not to give such interpretation to a statute, if it is in reason susceptible of any other.

The effect of the repeal of a statute upon rights that existed at the time of the repeal, was construed in *Starksboro* v. *Hinesburgh*, 13 Vt. 222, and in *Harris* v. *Townshend*, 56 Vt. 716, and in both cases it was decided that such rights were not affected by the repealing act. See also *United States* v. *Kearney*, 96 U. S. 797. Nor can it be urged in opposition to the foregoing considerations that there is but the substitution of one remedy for another, without involving the impairment of any contract right. Wherein consists this change of remedy ? It is, in substance, the substitution of one for another party petitionee. The burdened town is now to seek its remedy from

the State, while before it was obtained from the benefitted town or towns. But in the case before us the petitionee has already sought and obtained its remedy, in the form of a judgment against the petitioner, under the law as it stood at the time when the action was brought and prosecuted; it has fully perfected its right under the law. Shall the petitionee now be deprived of this established and adjudicated right, and sent back to begin *de novo* to again establish the same right, but against another party? Clearly this would be unconstitutional. The same right might, or might not be established, and a substantially similar relief obtained in the end, but the party would be driven to another action, with all its expense, delay and uncertainty, the benefit of the expense incurred in the former proceeding lost to it, and compelled to fight the battle all over again, and against another party, before it could, if successful, in the end reach the same or a similar result as the one already reached in strict accordance with the law as it stood at the time, and by the law made a final settlement of the controversy save for the periodical review provided for. And when all this was done, it might be that a new law would have been passed, relegating the party to still another remedy.

For a full discussion as to whether the Legislature has the power to vacate or annul an existing judgment between party and party, see *Bates* v. *Kimball, Admr.*, 2 D. Chip. 77. If they have not the power expressly and directly to do this, by an annulling act, no more have they to do it impliedly and indirectly.

*The petition is dismissed with costs.*

Dissenting opinion delivered by

TAFT, J. I am unable to agree with the majority of the Court. It is said that the petitioning town is not entitled to relief, for that R. L. sec. 28 is a bar. If this section has any application to highway cases, it did not require the aid of sec. 8 of the acts of 1884, which forbade its application to pending causes, to protect the interests of the petitionee, for the repeal of the general provisions of the statutes, by the terms of section

28, could not affect a proceeding then had or commenced or a right accrued. I think it does not admit of question, that the Legislature had power to repeal section 28, R. L. There are two reasons why I think the case at bar is not affected by section 28. I think, in respect to this case, the section was repealed by the acts of 1884–6. Section 8 of the act of 1884 provided that the act should not apply to pending cases; but in 1886 the act of that year provided that section 8 of the act of 1884 should be repealed; what is the effect of this act of 1886 other than saying the act as amended *shall* apply to pending cases? I think it is saying so directly. I do not think this section of the R. L. has any relation, nor was intended to apply, to proceedings instituted after the repeal of any statute, relative to the maintenance of highways, the support of paupers, and like burdens imposed upon municipal organizations. The laws relating to such burdens are not in the nature of contract, and except so far as executed, no absolute rights vest under them. Towns are created for public purposes, and it is competent for the legislature to amend, alter or repeal all laws relating to them. Such laws are in the nature of police regulations of a public character, arbitrary in their quality, founded on no preexisting right or equity, and all questions arising under them must be determined by the provisions existing at the time. I think the petitionee had no such absolute vested right that it could not be altered or taken away by act of the Legislature, and for the same reasons the case is not affected by any constitutional prohibition. I see no difference between the principle underlying the law relating to the maintenance of highways and that of paupers, and the Court held at this term in *Worcester* v. *East Montpelier* and *Chittenden* v. *Barnard*, pages 139 and 145, that the burden of supporting a pauper may be changed by an act of the Legislature, and I see no reason why the principle of those cases does not apply to a case where the question of settlement has been determined by judgment. It seems to me absurd to talk about the vested rights of a town pauper to be supported by any particular town, irrespective of the existing statutes, or the vested right of a town to have another town bear the burdens

Strafford *v.* Sharon.

that the Legislature deems wise to place upon them all in common. Were the constitutional objection valid, should it not be invoked in every case where a judgment of a court has placed the burden of maintaining a highway or bridge situate in one town upon an adjoining one? Yet this court has already, under the act of 1884, relieved the towns of Chelsea, Tunbridge and Wardsboro from orders to contribute to the maintenance of bridges in adjoining towns. *Chelsea* and *Tunbridge* v. *Royalton*, 58 Vt. 212; *Wardsboro* v. *Jamaica*, 59 Vt. 514.

It may be said that the constitutional question was not raised in the case of the two former towns; neither has it been by counsel in this case; it evidently did not occur to the astute and learned counsel that there was any constitutional objection to granting the relief prayed for. The judgments in those cases could logically have been put on no other ground than the one I contend for. It should be borne in mind that Strafford is not seeking for relief from any assessment already made, in any form, but from liability to one which may be made a century hence, for if there is a constitutional objection to relief being granted under the laws of 1884–6, it can never have relief save under the R. L. as they were at the time the statutes of 1884–6 were passed. In the case of *Wardsboro* v. *Jamaica, supra,* it was claimed that the town of Jamaica would be deprived of a vested right in case the prayer of the petitionee was granted; the court by Royce, Ch. J., with great good sense, say: "To justify a reversal of the judgment it must affirmatively appear that it was erroneous; and the error complained of is that it deprived the petitionee of a vested right to collect an assessment then due. The conclusive answer to that claim is that it does not appear that there was any assessment then due; and hence the case fails to show that there was any vested right of which the petitionee has been deprived." With this decision as late as 1887 I am not surprised that the counsel in this case did not raise the constitutional question. The court ought to adhere to its own decisions for a length of time which serves to bar a simple contract debt.

I think the prayer of the petition should have been granted.