## TOWN OF GRAND ISLE

v.

## TOWNS OF MILTON AND COLCHESTER.

JANUARY TERM, 1896.

*Highways and bridges. Relief from assessment to maintain. Part repeal of statute.*

1. To a petition by a town to be relieved from an assessment for the support of a highway and bridge wholly within one or more other towns, only those towns need be made defendants to whom the assessment is payable, although others were parties to the original judgment.

2. A judgment is none the more a contract and none the less a judgment, because entered by stipulation.

3. If a statute contains a proviso excepting a particular class of subjects from the operation of a general law, and that proviso be repealed, the statute remains in force generally.

Petition for relief from liability to assessment in respect to a highway and bridge. Trial by court at the September term, 1895, Chittenden county, TAFT, J., presiding. Judgment that the assessment be vacated. The defendants except.

*H. F. Wolcott* and *A. G. Whittemore* for the defendants.

S. 8, No. 18, Acts 1894, provides that the act shall not apply to pending causes. This suit was then pending, and the subsequent repeal of s. 8 could not give any rights

under No. 18 in this matter. *Tunbridge* v. *Royalton*, 58 Vt. 212; V. S., ss. 28, 29; *Pratt* v. *Jones*, 25 Vt. 303.

*W. H. Bliss* for the petitioner.

The petitioner is entitled to relief under s. 6, No. 18, Acts 1894. *Tunbridge* v. *Royalton*, 58 Vt. 212; *Underhill* v. *Essex*, 64 Vt. 28.

The repeal of an exception to a general law leaves the general law in force. *Hoyt* v. *Smith*, 14 Wis. 252; *Goodno* v. *Oshkosh*, 31 Wis. 127.

THOMPSON, J. This is a petition by the town of Grand Isle to be relieved from liability to assessment for the expense of maintaining and repairing a highway, including a bridge, wholly within the defendant towns of Milton and Colchester. This liability was imposed by a judgment of the Chittenden county court rendered at its April term, A. D. 1886, pursuant to the prayer of a petition preferred at its September term, A. D. 1882. That petition was brought under R. L., ss. 2,969, 2,975, 2,976 and 2,977, in force at the time of bringing the petition, which provided for the laying out, building and maintaining a highway, including bridges, extending into or through two or more towns, and also provided for assessing other towns especially benefitted thereby towards the expense thereof, in case the towns in which such highway was located would otherwise be excessively burdened.

While the proceedings under which the plaintiff was assessed, were pending, R. L., ss. 2,975, 2,976 and 2,977 were repealed by s. 7 of No. 18 of St. 1884, but s. 8 thereof provided that that act should not apply to pending causes. After the rendition of the judgment by which the plaintiff was assessed and before the commencement of this suit, s. 8 of No. 18 of St. 1884, was repealed by St. 1886, No. 16, s. 7, which went into effect January 1, 1887, R. L., s. 29.

The repealing effect of the Sts. 1884, No. 18 and 1886, No. 16, was fully discussed and adjudicated in *Underhill* v. *Jericho*, 64 Vt. 28. It was held that the law in respect to assessing towns benefitted was repealed except the provision of s. 6 of No. 18 of St. 1884, which provided a method by which any town assessed towards the expense of maintaining or repairing any bridge or highway in another town, might procure the vacation of the assessment.

I.   The defendants claim that the petition should have been dismissed for the reason that the town of South Hero is not made a party defendant, that town being a party to the judgment sought to be vacated.

S. 6 of No. 18, St. 1884, as amended by s. 7 of No. 16, St. 1886, is as follows :

"Any town assessed towards the expense of maintaining or repairing any bridge or highway in another town, under the laws now in force, may petition the court, which ordered said assessment, such petition to be served upon the town to whom the assessment is paid, and said court shall vacate the order or decree for such assessment. And whenever any such petition is brought, the court shall, upon application, order a stay of any and all proceedings to enforce the collation or payment of such assessment."

This section is still in force unless repealed by the V. S. It is not necessary to decide whether it has been repealed or not. It was in force when this suit was brought, and for the purpose of determining the rights of the parties thereto, is to be considered as still in force. V. S., ss. 28, 29, and 5,456. The defendant towns of Milton and Colchester are the towns to which the assessment is paid, and they appear and defend. Hence, if the non-joinder of a defendant could be raised by a motion to dismiss for such non-joinder, the motion was properly overruled as all the parties required by the statute were before the court. *Hyde* v. *Lawrence*, 49 Vt. 363.

II.   The defendants contend that the assessment was a

matter of contract between the towns, and not imposed by judgment of the county court, and that consequently the case does not fall within the relief for which the statute provides. This contention is based upon the fact that after the cause had been fully heard in the county court before commissioners, and had been to the Supreme court, and remanded to the county court, the latter court rendered judgment pursuant to a written stipulation filed in the case by the parties. This stipulation did not provide for anything not within the province and duty of the court to adjudge in that case. Because the parties took that way of ending a long and expensive litigation, the final judgment is none the less a judgment of the court. Hence this contention cannot be sustained.

III. The defendants also insist that notwithstanding the repeal of s. 8 of No. 18, St. 1884, before the commencement of this action, the court cannot grant the relief for which the plaintiff asks, because of the effect of the provisions therein that that act should not affect pending causes. In support of this contention V. S., s. 29, is cited, which provides:

"That the repeal of an act shall not revive one which has been repealed, nor affect an act done, a right accruing, acquired, or established, nor a suit or proceeding had or commenced in a civil cause before the time when the repeal takes effect; nor shall it affect a suit pending at the time of such repeal for the recovery of a penalty or forfeiture incurred under the acts so repealed."

The provisions of this section are the same as R. L., s. 28. The right of the plaintiff to relief is based upon s. 6 of No. 18, St. 1884, above quoted. At the time of the repeal of s. 8 of the same act, there was no cause pending between these parties, it having been ended by the judgment therein. The sound rule is that where a statute merely excepts a particular class of subjects from the provisions of a general law, which continue to be in force, the repeal of the excepting part of the statute operates to bring such subjects again un-

der the general law.   If a proviso creating an exception to the general terms of a statute, is repealed, courts are afterwards bound to give effect to it according to its general terms.   And this cannot be said to revive a repealed statute. The rule against this relates to cases of absolute repeal, and not to cases where a statute is left in force, and all that is done in the way of repeal is to except certain cases or subjects from its operation.   In such cases the statute does not need to be revived, for it remains in force, and the exception being taken away, the statute is afterwards to be applied without the exception. *Hoyt* v. *Smith*, 14 Wis. 252 ; *Goodno* v. *Oshkosh*, 31 Wis. 127.   Full effect was given to the proviso on which defendants rely by allowing the case then pending to pass to final judgment, but subsequently when repealed, and the general provisions of the law became operative as to all subjects and cases embraced therein, the respective rights of the parties were determined by the general provisions unaffected by the proviso.   The defendants have no vested right in the judgment assessing the plaintiff, or in the law under which it was done.   In maintaining or repairing highways and bridges, the town is simply the hand, the instrumentality, of the state.   The state has the power at all times to determine upon whom this burden shall rest and how it shall be borne.   It may relieve from such burdens or impose greater ones.   *Underhill* v. *Jericho*, 64 Vt. 28.   There was no error in respect to the defendants in the judgment below.

*Judgment affirmed with costs.*