## HOYT METAL CO. v. ATWOOD.

(Circuit Court of Appeals, Seventh Circuit. February 17, 1923. Rehearing Denied May 8, 1923.)

No. 3081.

1. **Constitutional law ⟨Key⟩110—Legislature cannot by a retroactive law affect rights under prior judgment.**

   A judgment is such a vested property right that the Legislature cannot by a retroactive law either destroy or diminish its value in any respect.

2. **Constitutional law ⟨Key⟩48—Statutes ⟨Key⟩265—Statute presumed to operate prospectively only, especially where otherwise it would impair contracts or interfere with vested rights.**

   A statute is presumed to operate prospectively only, unless an intent to the contrary clearly appears, and this is especially applicable where, if given a retroactive operation, it would be invalid as impairing the obligation of contracts or interfering with vested rights.

3. **Stautes ⟨Key⟩265—Statutes changing remedy cannot be given retroactive effect to impair vested rights.**

   A statute, though purporting to affect only the remedy, cannot be given retroactive effect if it would thereby impair the obligation of contracts or the value of a vested right.

4. **Master and servant ⟨Key⟩349—Compensation statute changing remedy held not retroactive to affect prior judgment.**

   Act Illinois effective July 1, 1921 (Laws 1921, p. 444), amending Occupational Disease Act, 1911, § 15, by providing in substance that employees who sustain an occupational disease shall receive compensation in accordance with the provisions of the Illinois Workmen's Compensation Act, is not retroactive to affect a judgment previously recovered by an employee under the act amended.

5. **Master and servant ⟨Key⟩347—Illinois Occupational Disease Act held constitutional.**

   Occupational Disease Act Illinois effective July 1, 1911, § 15, is not unconstitutional because an employee suffering an injury from a cause within its provisions is given a different remedy from another receiving an injury from a different cause.

6. **Pleading ⟨Key⟩236(4)—Permitting amendment of declaration after close of testimony held not error.**

   Permitting a plaintiff to amend his declaration after close of the testimony *held* within the discretion of the court and not error under Hurd's Rev. St. Ill. 1921, c. 7, § 1.

7. **Trial ⟨Key⟩260(1)—Refusal of requested instruction held not error.**

   Refusal of a requested instruction *held* not error in view of the charge given.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action at law by David F. Atwood against the Hoyt Metal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

D. E. Keefe, of East St. Louis, Ill., for plaintiff in error.

H. J. Bandy, of Granite City, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant in error herein, plaintiff below, brought this action in the circuit court of Madison county,

Ill., to recover damages suffered through lead poisoning while in the employ of defendant. Defendant, a corporation organized under the laws of Missouri, and maintaining an office and doing business at Granite City, Ill., removed the suit to the federal court. Thereafter, plaintiff filed an amended declaration, consisting of seven counts, each of which charged defendant with a willful violation of some provision of a statute of the state of Illinois known as the Occupational Disease Act, effective July 1, 1911 (Laws 1911, p. 330). Plaintiff's demurrer to defendant's special plea of jurisdiction was sustained. Trial resulted in a verdict and judgment for plaintiff.

After judgment was entered and a writ of error to this court issued, the Legislature of Illinois passed an act, to be effective July 1, 1921, purporting to amend section 15 of the Occupational Disease Law (Laws 1921, p. 444), and providing, in substance, that employees who sustain an occupational disease shall receive compensation in accordance with the provisions of the Workmen's Compensation Act (Hurd's Rev. St. 1921, c. 48, §§ 126–152i).

A motion to dismiss was filed in this court, in support of which defendant contends that the court is without jurisdiction to hear and determine the cause because of the aforementioned amendment. This contention is the chief reliance of defendant for reversal of the judgment.

Other assignments of error relied upon are: Erroneous exclusion of testimony, failure of evidence to support judgment, refusal to give requested instructions, granting plaintiff leave to file an additional count, and unconstitutionality of section 15 of the Occupational Disease Law.

Defendant contends this court is without jurisdiction to hear and determine this cause because the amendatory statute was one relating to remedy only, and that therefore it applied to pending, as well as future, actions. With this contention we cannot agree.

The effect of the amendatory act was to take from plaintiff the value of a $7,000 judgment which he had recovered, and to compel him to start anew in a proceeding before the Industrial Board, wherein recovery was limited to $3,500.

Moreover by the provisions of the Workmen's Compensation Act, notice to employer must be given within 30 days and claim for compensation made within six months. Neither of these steps are necessary under the Occupational Disease Law, and if plaintiff were now compelled to proceed in accord with the Workmen's Compensation Act, he would be unable to comply with such requirements and his right of recovery would be lost. No provision for a reasonable time, or any time, within which such preliminary steps might be taken and protection had against lapse of time caused by pursuit of a remedy under the law in force at the time the cause of action accrued, is made by the amendment.

[1] That an accrued right of action is a vested property right is well settled. Norris v. Tripp, 111 Iowa, 115, 82 N. W. 610; Tufts v. Tufts, 8 Utah, 142, 30 Pac. 309, 16 L. R. A. 482; Pinkum v. City of Eau Claire, 81 Wis. 301, 51 N. W. 550. Certainly a judgment is a

vested property right. In 6 R. C. L. p. 319, we find the rule set forth correctly, we think:

"A judgment is such a vested right of property that the Legislature cannot by a retroactive law either destroy or diminish its value in any respect." Merchants' Bank v. Ballou, 98 Va. 112, 32 S. E. 481, 44 L. R. A. 306, 81 Am. St. Rep. 715; Strafford v. Sharon, 61 Vt. 126, 17 Atl. 793, 18 Atl. 308, 4 L. R. A. 499; Roche v. Waters, 72 Md. 264, 19 Atl. 535, 72 L. R. A. 533.

[2] By a long line of decisions, courts have uniformly held that a statute is presumed to operate prospectively only, unless an intent to the contrary clearly appears, and this is especially applicable where the statute, if given a retroactive operation, would be invalid as impairing the obligation of contracts, or interfering with vested rights. Sutherland, Statutory Construction, §§ 463, 464; U. S. v. Jackson, 143 Fed. 783, 75 C. C. A. 41; Bauer Grocer Co. v. Zelle, 172 Ill. 407, 50 N. E. 237; Southwestern Coal Co. v. McBride, 185 U. S. 499, 22 Sup. Ct. 763, 46 L. Ed. 1010; U. S. v. United Shoe Machinery Co. (D. C.) 264 Fed. 138.

[3, 4] The statute in question, though purporting to affect only the remedy, in reality impairs the value of a right. Though it may be true that parties to actions have no vested right in rules of procedure, and the latter may be changed at will by the Legislature, without affecting the right, yet if statutes, professing only to affect procedure or remedy, do in fact thereby affect or impair the right, they are void or inapplicable as against the enforcement of the right thus impaired. Whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract. But if that result is produced, it is immaterial whether it is done by acting on the remedy, or directly on the contract itself. In either case, it is prohibited by the Constitution. Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610; Bronson v. Kinzie et al., 1 How. 311, 11 L. Ed. 143; McGahey v. Virginia, 135 U. S. 695, 10 Sup. Ct. 972, 34 L. Ed. 304.

In Strafford v. Sharon, supra, where a town had fully perfected its right, under the law, to contribution for the expense of a bridge from another town by obtaining a judgment therefor, a subsequent statute attempted to deprive it of this right and require a new proceeding against another party, the court, in dismissing the petition of the town of Strafford against the town of Sharon under the subsequent statute, said:

"Nor can it be urged in opposition to the foregoing considerations that there is but the substitution of one remedy for another, without involving the impairment of any contract right. Wherein consists this change of remedy? It is, in substance, the substitution of one for another party petitionee. The burdened town is now to seek its remedy from the state, while before it was obtained from the benefited town or towns. But in the case before us the petitionee has already sought and obtained its remedy, in the form of a judgment against the petitioner, under the law as it stood at the time when the action was brought and prosecuted. It has fully perfected its right under the law. Shall the petitionee now be deprived of this established and adjudicated right, and sent back to begin de novo to again establish the same right, but against another party? * * * The same right might or might not be established, and a substantially similar relief obtained in the end; but the party would be driven

to another action, with all its expense, delay, and uncertainty, the benefit of the expense incurred in the former proceeding lost to it, and compelled to fight the battle all over again, and against another party, before it could, if successful, in the end reach the same or a similar result as one already reached in strict accordance with the law as it stood at the time, and by the law made a final settlement of the controversy save for the periodical review provided for. And when this all was done, it might be that a new law would have been passed, relegating the party to still another remedy."

The statute having affected substantive, existing, vested property rights must be held to apply only to future causes.

[5] Liability under the Occupational Disease Act is denied because of its alleged unconstitutionality. To quote defendant's position:

"Two persons working for the same master in the same place, doing the same kind of work are given unequal advantages upon the sole distinction of how the injury came about. Under section 15, if it is classed as an occupational disease he may resort to a court of law; have a trial by jury; and recover damages in any amount that a jury may see fit to give and the court approve. Another receiving the same kind of an injury at the same kind of work, but receiving it through an accident cannot resort to a court of law; he cannot have a trial by jury, he cannot recover unlimited damages. * * * This sort of classification, we believe, is not sustainable as any just, reasonable or fair classification."

Discussion is unnecessary. The decisions are to the contrary. Labanoski v. Hoyt Metal Co., 292 Ill. 218, 126 N. E. 548; M. & H. Zinc Co. v. Industrial Com., 284 Ill. 378, 120 N. E. 249; Zajkowski v. American Steel & Wire Co., 258 Fed. 9, 169 C. C. A. 147, 6 A. L. R. 348; Adams v. Acme White Lead & Color Works, 182 Mich. 157, 148 N. W. 485, L. R. A. 1916A, 283, Ann. Cas. 1916D, 689; Miller v. American Steel & Wire Co., 90 Conn. 349, 97 Atl. 345, L. R. A. 1916E, 510; Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44.

[6] Upon the trial plaintiff was permitted to amend his pleading after testimony was closed. This, in and of itself, was not error. Delfosse v. Kendall, 283 Ill. 301, 119 N. E. 346; Bell v. Toluca Coal Co., 272 Ill. 583, 112 N. E. 311. The Illinois statute provides for amendments in furtherance of justice. Hurd's Rev. St. c. 7, § 1. We find no abuse of discretion. While the amendment was offered and allowed at the close of all the testimony, plaintiff's counsel advised the court during the trial that such an amendment would be proposed. Defendant was advised before it closed its testimony as to the exact character of the amendment. Moreover, it appears that the amendment was the result of certain testimony given by one of defendant's witnesses, and therefore surprise could not be successfully asserted.

[7] Error is assigned because the court refused to give the following instructions:

"I want to request that the court charge the jury that if they believe from the evidence that a respirator was furnished to the plaintiff which was adequate and proper in its construction and of the most approved pattern for preventing dust from entering into the human system while he was at work for the defendant and that the plaintiff refused or neglected to wear it because he found it more difficult to breathe through it and for that reason cast it aside, then if he took lead into his system because of the want of a respirator he produced an injury for which he is not entitled to recover, if that was the cause of his getting lead into his system."

Upon this issue the court charged (quoting from various portions of the instructions):

"It is provided by section 2 that under certain circumstances where the employee is apt to be exposed to noxious gases or dusts, that the employer shall be required to furnish adequate respirators at all times to the employé while engaged in any work necessarily productive of noxious or poisonous dusts. * * *

"The first count is predicated upon the alleged failure on the part of defendant to furnish an adequate respirator. * * *

"The defendant has pleaded not guilty. The effect of that plea on the part of the defendant is to put the plaintiff upon proof of all the material elements charged in his declaration. That is, he is required to prove his declaration or some count thereof by a preponderance of the evidence; that is, he has to bring forth more or better evidence to sustain his contention than there is to the contrary. If upon any issue he fails to produce a preponderance of the evidence to sustain his charge then he has failed to make the proof * * * and your holding should be in favor of the defendant. * * *

"You are further instructed that the law provides that a respirator should be furnished by the defendant to the plaintiff only in case the plaintiff's place of employment was such a place and the work was such as to be unnecessarily productive of noxious or poisonous dust, and if you believe from the evidence in this case that the plaintiff was not required in the line of his duty to be at a place which necessarily exposed him to noxious or poisonous dust arising from such process of manufacture or preparation of lead bars or zinc in some form, then the plaintiff is not entitled to recover because of the failure of the defendant to furnish or place at the disposal of the plaintiff such respirators. In other words, gentlemen of the jury, there will be no duty devolving upon the defendant to furnish a respirator for the use of the plaintiff while he was doing outdoor work or working in some part of the plant where the noxious dusts and gases did not accumulate."

In view of the foregoing excerpts no error was committed in refusing the proposed instruction. The issue was squarely and fairly presented. Upon the plaintiff was placed the burden of establishing that he was engaged in a work that called for the production by the defendant of an adequate respirator; that defendant failed to so furnish such a respirator. If the defendant showed that the work did not call for its furnishing a respirator, or if the evidence showed that a good respirator was furnished, it was quite immaterial why the plaintiff failed or refused to use it.

Our examination of the evidence convinces us that a jury question was presented respecting defendant's breach of duty under this Occupational Disease Act, and no detailed recital of the evidence supporting this conclusion will be attempted.

Other assignments of error have been carefully considered, but we do not believe they require separate discussion.

The judgment is affirmed.