Syllabus.

MARY LARNED

v.

FRANCIS TIERNAN.

*Filed at Ottawa May 19, 1884.*

1. STATUTE—*as embracing more than one subject—of the Criminal Code, in providing various remedies for the suppression of gambling.* The latter part of section 132 of the Criminal Code, which is entitled "An act to revise the law in relation to criminal jurisprudence," and which authorizes the party losing money by playing at cards, or other games, to recover back the money or thing lost, and on default of bringing suit for such recovery within a time limited by the statute, giving a right of action to any person to sue for and recover treble the value of the money, goods, chattels or other things lost at gaming, by special action on the case against the winner, one-half to the use of the county and the other to the person suing, is not in contravention of the constitutional provision that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title," etc.

2. This constitutional provision has always received a liberal construction, and the courts hold, substantially, that there may be included in an act any means which are reasonably adapted to secure the object indicated by the title, without infringing such provision.

3. For the purpose of suppressing and punishing crime, the legislature may constitutionally provide punishments other than by indictment, a public prosecution, and fine on conviction. It may, in addition, provide for a civil action in favor of the party injured, or give a penal action at the suit of any one who will prosecute for the same, in which the guilty party may be subjected to fine, penalty, forfeiture or damages. It matters not by what mode the recovery is had,—whether by a criminal or civil procedure,—nor what is the name given to the means adopted.

4. The fact that a statute confessedly constitutional is incorporated into a section of the Criminal Code, giving a right of action against the winner of money or other property at cards or other game, and inflicting a forfeiture or penalty, which for many years before had constituted a separate and independent act, will not authorize the courts to hold the same unconstitutional because arranged under the head of the Criminal Code, where its effect and tendency is the suppression of the crime of gambling. Such change indicates rather that such civil remedy is regarded as in the nature of a punishment, by the law-making power.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. A. D. CARTER, for the plaintiff in error:

. It is only in a clear case that the court will pronounce an act unconstitutional. Every presumption is in favor of its validity. *Bureau County* v. *Chicago, Burlington and Quincy R. R. Co.* 44 Ill. 234; *McVeagh* v. *City of Chicago*, 49 id. 320.

The constitutional provision must be construed liberally. It is for the legislature to determine for itself how broad and comprehensive shall be the object of a statute, and how much particularity shall be employed in the title in defining it. Cooley's Const. Lim. (5th ed.) 174, 176.

If combining civil and criminal provisions in an act is a violation of the constitution, then quite a number of our statutes are unconstitutional. In the Revenue act, in the act relating to the department of agriculture, in the act to promote medicine and surgery, and numerous others in the civil code, we find criminal provisions, while in the Criminal Code, in sections 51, 185, 201, 212, 229, and others, we find civil provisions.

In a case of doubt the argument *ab inconvenienti* is admissible, and has weight. *People ex rel.* v. *Loewenthal et al.* 93 Ill. 201.

This provision was not intended to prevent including in the bill or act such means as is reasonably adapted to secure or promote the object indicated by the title. *Kurtz* v. *People*, 33 Mich. 282; *Johnson* v. *Higgins*, 3 Metc. 566; *Phillips* v. *Bridge Co.* 2 id. 221; *People ex rel.* v. *Briggs et al.* 50 N. Y. 553; *O'Leary* v. *Cook County*, 28 Ill. 538; *State* v. *Squires*, 26 Iowa, 345; *Thomasson* v. *State*, 15 Ind. 449; *Indiana Central Ry. Co.* v. *Potts*, 7 id. 681; *Reams* v. *City*, 23 id. 111; *Blood* v. *Marcelliott*, 53 Pa. St. 391; *Fuller* v. *People*, 92 Ill. 185; *People ex rel.* v. *Brislin*, 80 id. 433; *Gunter* v. *Dale County*, 44 Ala. 639.

The penalty denounced is in the nature of a punishment, and has for its object the suppression of gambling. *Webster* v. *People*, 14 Ill. 365.

Messrs. Moses & Newman, for the defendant in error:

It is sufficient to express generally in the title of an act the subject of legislation embraced in the act, without detail or specification as to the extent, manner or peculiarity of treatment of the general subject thus expressed; but the courts have uniformly held that no matters can be embraced in the body of the act not strictly germane to the general subject expressed in the title. *Fuller* v. *People,* 92 Ill. 182; *People* v. *Hills,* 35 N. Y. 449; *People* v. *O'Brien,* 38 id. 193; *Durkee* v. *Janesville,* 26 Wis. 69.

If the section in question upon which this action is based is not and can not be regarded as a part of "the law in relation to criminal jurisprudence," then it relates to a subject not expressed in the title of the act when found.

The remedy given to the loser is to all intents and purposes civil in its nature, being in no degree penal. *Bones* v. *Booth,* 2 Wm. Black, 1226; *Benjamin* v. *Beals,* 18 Maine, 337.

It arises upon an implied contract to return to the loser what the winner has no right to retain. *McDugall* v. *Walling,* 48 Barb. 364.

It constitutes a substantive claim belonging to the loser's estate. *Meach* v. *Stoner,* 19 N. Y. 26.

If this portion of this section must fall, how can the remainder of it be retained?

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was an action on the case, founded upon the last clause of section 132 of the Criminal Code, as revised by the General Assembly, approved March 27, 1874, brought by Mary Larned, suing for herself and the county of Cook, Illinois, to recover treble the sum of $2000, which it is alleged one Elliot P. Larned, by playing at cards, lost and paid to the defendant. The court below sustained a demurrer to the

declaration, and plaintiff electing to stand by her declaration, judgment was rendered in favor of the defendant, and the plaintiff sued out this writ of error.

It is not denied that the declaration makes, in proper form, a good cause of action under the above section, if that be valid, and the only question presented here for decision is as to the constitutionality of this section, in the respect of its being, or not, in violation of the provision of the constitution that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." This section provides that any person who shall lose, by playing at cards or other game, $10 or more, may sue and recover the same back of the winner by action of debt, replevin, assumpsit or trover; and in its last clause, "in case the person who shall lose such money or other thing, as aforesaid, shall not within six months, really and *bona fide*, and without covin or collusion, sue, and with effect prosecute, for such money or other thing by him lost and paid or delivered, as aforesaid, it shall be lawful for any person to sue for and recover treble the value of the money, goods, chattels, or other things, with costs of suit, by special action on the case, against such winner aforesaid, one-half to the use of the county and the other to the person suing." Section 126 imposes a fine of not less than $10, and not more than $100, for gambling. The act in question is entitled "An act to revise the law in relation to criminal jurisprudence."

It is said that this section gives a civil right and a civil remedy, which is another subject than that of crimes and their punishment, and so not expressed in a title relating to criminal jurisprudence; that there can not be in such an act a combination of criminal and civil provisions without making two subjects, and so rendering the act obnoxious to the con-

stitutional inhibition in question. But wherefore not? There
is no authority cited in support of the proposition, and it rests
upon assertion attempted to be supported upon the idea of
there being a difference between criminal and civil proceed-
ings, and between what is punishment and a private recovery
for private benefit.

But there is a broader view than that, which is taken by
the courts, of this constitutional provision. It being a not
uncommon one, it has been the subject of frequent adjudica-
tion, and has ever received a liberal construction. The de-
cisions concur in laying down, substantially, the rule that in
consistency with that provision there may be included in an
act any means which are reasonably adapted to secure the
object indicated by the title. *O'Leary* v. *County of Cook,* 28
Ill. 534; *Fuller* v. *People,* 92 id. 185; *Kurtz* v. *People,* 33
Mich. 282; *Johnson* v. *Higgins,* 3 Metc. (Ky.) 566; *People*
v. *Briggs,* 50 N. Y. 553; *The State* v. *Squires,* 26 Iowa, 345;
*Thomasson* v. *The State,* 15 Ind. 449; *Reams* v. *City,* 23 id.
111; *Gunter* v. *Dale County,* 44 Ala. 639; *Blake* v. *People,*
109 Ill. 504.

The only legitimate inquiry here, then, under the adjudi-
cations upon this subject, is, as we conceive, what is the pro-
vision of this section of the statute in its *effect?* That if its
tendency, in effect, be to the discouragement and suppression
of gambling, then it is germane to the general object of the
act,—not an independent subject,—and is sufficiently ex-
pressed in the title of the act.

Criminal jurisprudence, which is the subject set forth in
the title to the Criminal Code, is defined as "that part of the
law which relates to crimes and their punishment." Sub-
jecting the gambler to the loss of that which he wins, is
obviously, in its effect, adverse to the practice of gambling,
in tending to make it unprofitable, and, perhaps, might be
regarded to be as effective toward the accomplishment of the
object of the act as is the fine, under section 126, of not less

12—110 ILL.

than $10 nor more than $100. It may be said to come within the strict definition of punishment, "to afflict with pain, *loss* or calamity, for a crime or fault." (Webster's Dict.) One mode of punishment is forfeiture, and what is there, in substance, here but that,—the forfeiture of what one has got by gambling? Now, in the bearing upon the question, here, of making a different subject, which must be expressed in the title of the act, we may see the unimportance of the distinction insisted on, of criminal and civil proceeding, and of the giving of a civil remedy to the person injured, in an act relating to crimes and their punishment. Upon this question, as we have seen, it is the *effect* of the means provided which tells. It is not the technical designation. The effect of the provision in this section we are considering is to mulct the winner in the loss of his gains, and thereby it aids in effecting the general object of the act,—the suppression of gambling. In this respect of operative effect it matters not where the recovery of that which has been won goes,—whether into the State treasury, county treasury, school fund, into the hands of a common informer, or to the person losing; nor by what mode the recovery is had,— whether by a criminal or civil procedure; nor what the name given to the adopted means,—whether fine, penalty, forfeiture, or damages. Nothing of this is material as determinative of whether there be a difference of subject which must be expressed in the title. In that regard the only thing essential is, what is the provision in its effect, as being in aid of the purpose of the act. The giving of this action for recovery from the winner being a means, in its tendency, promotive of the object of the act as expressed in the title, it is not an independent subject, and need not have been particularized in the title. In the respect of benefit to the loser, and having the effect of reimbursement to him, that is a thing which is incidental, and not the primary object of the provision. As showing this, the section does not stop with giving to the

loser an action for the recovery, but goes on and provides that if he will not sue within six months, then a common informer may bring suit, and recover treble the amount won, thus evincing an especial purpose to make the successful gambler suffer the loss of his winnings. Answer was made to this feature of the provision in *O'Leary* v. *County of Cook,* above cited, where the question involved here arose, under "An act to amend an act entitled an act to incorporate the Northwestern University," in which there was prohibition of the sale of liquors within a certain distance of the university building, and it was said every provision which was intended to promote the well-being of the institution or its students was within the subject matter of the law, and such was said to be that prohibitory provision, and that "although this provision might incidentally tend to protect others residing in the vicinity, etc., yet that was not the primary object of the law, but its sole purpose was to protect the students and faculty from such influence." And further, that "it is not a valid objection that the prohibition designed for the benefit of the institution is guaranteed by a *public penalty*, or, as in this case, one going to the county. It was competent to select any mode of enforcing the prohibition which might be thought the most efficacious."

Allusion is made to the fact that originally this section 132 was not a part of the Criminal Code, but was enacted in a separate act, and was retained in such separate act in the revisions of 1833 and 1845, but that in the revision of 1874 this section was transferred into the Criminal Code, and this is remarked upon as showing that the legislature did not regard this section as constituting any part of the criminal jurisprudence of the State. For a court to assume to pronounce a law, which was confessedly constitutional, to have become unconstitutional from the fact of its having been, in a revision of the statutes, arranged under the head of the Criminal Code, differently from what it was before, would

.seem to be not to administer the law, but to thwart it. But, however, the circumstance mentioned appears to favor rather the argument in favor of the section's validity. The revision of 1874 is the latest expression of the General Assembly, and the transferring in that revision this section into the Criminal Code would seem to manifest the legislative sense to be that this provision was designed to be, and was in fact, in the nature of punishment, and that it was rearranged as it was because its most appropriate place was deemed to be under the head relating to crimes and their punishment.

We are of opinion the court below erred in sustaining the demurrer and rendering judgment in favor of the defendant, and the judgment is reversed and the cause remanded.

*Judgment reversed.*