THE CITY OF CHICAGO, Appellee, *vs.* MARSHALL S. MARSH *et al.* Appellants.

*Opinion filed June 18, 1913.*

1. SPECIAL ASSESSMENTS—*when an objection that an ordinance changed width of a roadway cannot be considered.* An objection that a paving ordinance provides for paving a roadway of a specified width, which it is claimed is greater than the established roadway, will not be considered, where the abstract does not show that the objection was made in the county court or what the width of the roadway was prior to the passage of the ordinance.

2. The objection with regard to the sufficiency of the engineer's estimate was considered and decided adversely to the appellants' contention here, in *City of Chicago* v. *Underwood,* 258 Ill. 116.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

MONTGOMERY, HART & SMITH, for appellants.

PHILIP J. MCKENNA, and GEORGE P. FOSTER, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling the legal objections of the appellants and confirming an assessment for the cost of paving Belmont avenue, in the city of Chicago.

The first objection argued is, that the estimate of the engineer was insufficient as to the construction of new catch-basins, the adjusting of catch-basins and constructing and connecting catch-basin inlets. The identical objections were considered and overruled in *City of Chicago* v. *Underwood,* 258 Ill. 116.

The only other objection argued is, that the ordinance directed the roadway to be paved to a width of forty-two feet whereas the roadway had been previously established

at thirty-eight feet, while the estimate of the engineer and the recommendation of the board of local improvements contains no reference to the proposed change. The abstract does not show that this objection was made in the county court or that the width of the roadway was changed. Its width prior to the ordinance does not appear.

*Judgment affirmed.*