(No. 12500.—Decree affirmed.)

FRANK H. JACKSON, Appellee, *vs.* JASON W. WINANS, Appellant.

*Opinion filed February 20, 1919—Rehearing denied April 9, 1919.*

1. ELECTIONS—*appeal in election contest may be transferred to Supreme Court.* Under section 123 of the Election act an appeal from a decree of the circuit court in an election contest should be taken to the Supreme Court, and an appeal to the Appellate Court may be transferred, under section 102 of the Practice act, whether it was taken to the wrong court intentionally or by mistake.

2. SAME—*when defendant waives objection to definiteness of points in petition for contest.* Where a defendant in an election contest, after his motion to dismiss is denied, answers the petition and makes·an issue of the facts, and evidence is received upon the allegations of the petition, he waives the right to argue in the Supreme Court that the petition should have been dismissed because it did not set out clearly the points upon which the election was contested.

3. SAME—*petition for contest not invalid because sworn to on information and belief.* A petition to contest an election is not invalid because it is sworn to on information and belief.

4. `SAME`—*in an election contest evidence must show that ballots have been preserved.* In an election contest, unless the evidence shows that the ballots have been preserved in such a way that there was no reasonable opportunity for tampering with them, they can not overcome the returns of the judges and clerks of election.

5. SAME—*party appealing from election contest must preserve the evidence.* In an election contest the burden of preserving the evidence to sustain an attack on the judgment of the lower court rests upon the party who questions the decision of that court.

6. SAME—*finding of lower court in election contest will not be disturbed unless palpably against weight of evidence.* Although a proceeding to contest an election is a statutory proceeding, the finding of the trial court will not be disturbed on appeal unless it is palpably against the weight of the evidence.

7. SAME—*incorrectness of court's rulings must appear affirmatively.* On an appeal from a decree in an election contest it is necessary, in order to reverse the decree of the trial court, that the incorrectness of the court's rulings be made to appear affirmatively.

8. SAME—*ballots are admissible in an election contest though not properly preserved.* Although there has been carelessness in caring for the ballots after an election, the ballots, in case of contest, are admissible in evidence for what they are worth and may be considered in connection with the other evidence in the case.

9. SAME—*ballots containing stickers with name of candidate are invalid.* Under the Australian Ballot law ballots upon which the voters have placed pasters or stickers with the name of their candidate written or printed thereon are invalid and cannot be counted.

10. SAME—*when value of tally-sheets and poll-lists as evidence in contest is lessened.* In an election contest the value of the tally-sheets and poll-lists as evidence is lessened where no public proclamation of the result has been made.

11. SAME—*when result of an election must be determined from both the returns and ballots and surrounding circumstances.* In an election contest, where the evidence shows that both the judges of election and the custodian of the ballots have failed properly to perform their duties, neither the returns of the judges nor the ballots will prevail over the other but the result must be determined from a consideration both of the returns and the ballots, with all the circumstances surrounding the case.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

BROWNE & WILEY, and GEO. S. WILEY, for appellant.

THOMAS KENNEDY, and BUTTERS & CLARK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an election contest filed by appellee in the circuit court of LaSalle county contesting the election of appellant as president of the board of trustees of the village of Rutland, in said county. After the pleadings were settled the matter was heard before the judge and a decree was entered in favor of appellee. From that decree appellant was allowed an appeal to this court, but before perfecting such appeal he made a motion to set aside the order and to have the appeal changed to the Appellate Court for the Second District. The appeal allowed on this last motion was perfected to the Appellate Court, and on appellant's motion in that court the cause was transferred to this court.

The record shows that on April 17, 1917, a regular village election was held for village officers of said village. Appellee, Jackson, was the only person nominated for the office of president and the only person whose name was printed on the ballots for that office when the official ballots were given to the judges of election by the village clerk. When the votes were counted by the judges of election it was discovered that many voters had voted for appellant, Winans, by attaching a sticker on their ballots in a small space left under Jackson's name and before the names of the candidates for trustees, the name of Winans being written with pen and ink on the sticker. The evidence shows that there was nothing in the nature of stickers on the ballots when the village clerk turned them over to the judges of election and that the clerk did not deliver to the judges any stickers along with the ballots. The judges of election counted the ballots with the stickers thus pasted on, for Winans. The evidence shows that the judges made no public proclamation of the result of the election as to the president of the board or any other officers voted for

at the election, and that on their written returns they did not write out in words the total number of votes received by each candidate or make any final total aggregating the number of men's and women's votes received by each candidate; that the votes cast by the men and women at this election were placed in separate ballot-boxes and that returns were made separately as to the men's and the women's votes, and that the total vote as to the various candidates was aggregated and added up by the trustees of the village board from the poll-books, certificates and tally-sheets in canvassing the returns. The total vote as thus aggregated by the village board showed that for president of the board of trustees appellant had received forty-eight votes from the men and women and that appellee had received thirty-seven votes. Appellant was declared elected and given the certificate as president of the board of trustees for the coming term.

The petition of contest was filed by appellee in the circuit court May 16, 1917. Appellant entered his general appearance by his attorney and filed an answer, to which a replication was filed by appellee. When the case was called for trial in June, 1918, appellant asked and obtained leave to withdraw his answer. After it was withdrawn he moved to quash the petition and strike it from the files. Neither the motion nor the grounds for it appear in the abstract. The motion was denied. Appellant did not abide by his motion, but on June 15, 1918, asked and obtained leave to have the answer filed and theretofore withdrawn stand as the answer to the petition. When the hearing came on before the trial judge appellee made preliminary proof as to the preservation of the ballots since the election. After this evidence was heard the court admitted the ballots in evidence and they were counted. On thirty-five ballots there were found stickers with the appellant's name written thereon, and these were not counted by the court. The trial court found that appellant had received only thirteen

287 — 25

legal votes and that appellee had received thirty-six legal votes and was duly and legally elected.

The first question to be disposed of is that raised by counsel for appellee to the effect that this case is not one of those which under section 102 of the Practice act could properly be transferred from the Appellate Court to this court, the argument being that under section 123 of the Election act the appeal from the trial court must necessarily be taken in election contests to the Supreme Court, (Hurd's Stat. 1917, p. 1265,) and that when an appellant has deliberately changed his appeal from the right to the wrong court this court should construe section 102 of the Practice act as not including such a case in the cases taken to the wrong court, as referred to by said section. We cannot agree with the reasoning of counsel for appellee in this regard. While it is obvious that under section 123 of the Election act the appeal could only properly be taken to this court from the decree of the circuit court, we think section 102 of the Practice act in its wording was intended to cover every case, whether taken intentionally or by mistake to the wrong court.

There is merit in the argument of counsel for appellee that appellant is in no position to raise the question now as to the legal sufficiency of the petition herein as he has not presented in the abstract the motion, or the reasons upon which his motion was based, to dismiss the petition; that this court has held that a party bringing a case to a court of review must furnish such a complete abstract of record as will fully present every error and exception relied upon, sufficient for the examination and determination of the case, without the examination of the record itself; (*Gibler* v. *City of Mattoon,* 167 Ill. 18;) that the court will not explore the record itself to find errors to sustain the assignment of error. (*People* v. *Yuskauskas,* 268 Ill. 328.) But conceding that this defect in the abstract is not sufficient to justify this court in sustaining the over-

ruling of the motion to dismiss the petition, we will consider, for the purposes of this case, the reasons urged in the briefs of appellant for the allowing of that motion.

Counsel argue that the petition should have been dismissed because it did not set out clearly the points upon which the election was contested, as required by section 113 of the Election act as construed by this court in *Daugherty v. Carnine,* 261 Ill. 366. It must be conceded that the petition is quite general in its wording, but we think it is clear that it charges that illegal ballots were cast and counted for appellant by means of pasting his name upon the ballots by the use of stickers. It is manifest from the wording of the answer that the appellant understood the charge as to the use of stickers rendering the election by ballot invalid. Furthermore, appellant, instead of standing by his motion to dismiss, answered, making issues of the facts, and evidence was received upon the alleged general and indefinite allegations of the petition, and he thereby waived the objection as to the points being indefinite. *Kreitz* v. *Behrensmeyer,* 125 Ill. 141; *Arnold* v. *Keil,* 252 id. 340; see, also, *McGovern* v. *City of Chicago,* 281 id. 264.

Counsel for appellant also argue that the petition was insufficient because it was sworn to on information and belief, and that under the reasoning of this court in *Daugherty* v. *Carnine, supra,* it should have been dismissed on that ground, alone. In that case the petition was not sworn to in any manner by the contestant. The point here relied on. was passed on in the later case of *Farrell* v. *Heiberg,* 262 Ill. 407, where *Daugherty* v. *Carnine* was referred to, and it was held in the later decision that an affidavit to a petition based on information and belief was sufficient; that generally in election contests all the contestant can swear to truthfully is that he is informed and believes that certain facts are true; that he must rely largely on information obtained from others; that, giving the election statute a reasonable construction in order to accomplish the purpose

intended, it would be impracticable to compel the petition to be sworn to on the personal knowledge of the contestant. On the reasoning in that case and in *Kreitz* v. *Behrensmeyer, supra,* it must be held that the petition sworn to on information and belief was not invalid, as contended by appellant.

Counsel for appellant also rely strongly upon the fact that the proof in the record does not show that the ballots were so preserved as to make it clearly appear that they were in the same condition as when counted by the judges of election, so they would constitute the best evidence as to the result. This court has held that unless the evidence shows that the ballots have been preserved in such a way that there could be no reasonable opportunity for tamper-ing with them, they could not overcome the returns of the judges and clerks of election. *Rottner* v. *Buchner,* 260 Ill. 475, and cases cited.

Before the ballots were opened considerable evidence was taken relating to their preservation. The one who was clerk of the village at the time of the election, P. H. Morris, and who also acted as one of the clerks at this election, testified that he was present when the votes were counted and canvassed by the judges and clerks; that the ballots were strung on a wire as they were counted and after the completion of the count the wire was knotted and sealed; that the judges and clerks then put the ballots in a canvas bag, tied the neck of the bag with a string, sealed the knot of the string with red sealing wax, and put on said wax an impression with an official seal which he (the witness) had present with him at the time he was testify-ing; that said seal had the words "Village of Rutland" on it, but he could not say just what other words were on it, and that witness was unable to tell by examination of the wax on the seal, at the time he testified, as to what, if any, letters were on the wax; that at the election there were two ballot-boxes,—one for the men and one for the

women,—and that the ballots of both were strung upon the same wire and all placed in the sack. A bag containing ballots was shown to him while he was testifying, and he testified that so far as he could see it was in the same condition as to sealing and being fastened as it was at the close of the canvass, after the ballots had been placed therein and the bag sealed. Later he testified that the bag was in the same condition as when it was sealed up by the judges of election; that at the time of the election he was running a men's furnishing goods store on the first floor of a building in Rutland and kept that store until March 18, 1918, when he left Rutland and resided elsewhere; that before that date he closed out his stock of goods, having at the last an auction sale, which was conducted by appellee as the auctioneer, and that both appellant and appellee were present in his store during the auction sale; that after the election he placed the bag containing the ballots in a pasteboard box, which he placed under a counter in the store though he did not seal the box; that when he had closed out his business he talked with the then president of the village board (appellant here) and one of the then village trustees, (Ames,) who was in the banking business in Rutland, and after talking with them he turned over to them the books of his office as village clerk and also the canvas sack of tally-sheets and all the returns of this election. Banker Ames testified that the ballots and the paraphernalia of this election, as well as the clerk's books, were turned over to him by former clerk Morris at the time he left the village and were taken by him and appellant and placed in a room back of the bank; that they remained there until taken out by the village clerk, Ensign, appointed to fill the vacancy caused by Morris leaving. Ensign testified that he found the box containing the bag of ballots in that room and brought it with him to court; that the bag containing the ballots was in the same condition when he presented it in court as when he found it in the back

room of the bank. The evidence tends to show that both in Morris' store and the back room of the bank certain people might have had access to the pasteboard box in which the bag of ballots was placed.

This court has held that in an election contest the burden of preserving the evidence to sustain attack on the judgment of the lower court rests upon the party who questions the decision of that court. (*Quartier* v. *Dowiat,* 219 Ill. 326.) The rule is well established, even in special statutory proceedings such as an election contest, that where the case has been tried by the court the finding of the court will not be disturbed unless palpably against the weight of the evidence. (*Topliff* v. *City of Chicago,* 196 Ill. 215; *City of Chicago* v. *Marsh,* 238 id. 254; *People* v. *Stewart,* 263 id. 280.) To reverse the decree and finding of the trial court under such conditions the incorrectness of the court's rulings must be made to affirmatively appear. *Kiesewetter* v. *Knights of Maccabees,* 227 Ill. 48.

While there can be no question that on this record there was carelessness in caring for the ballots and they were therefore not the best evidence, still, under section 27 of the Australian Ballot law, (Hurd's Stat. 1917, p. 1351,) they were admissible for what they were worth and may be considered in connection with all the other evidence in the case. *Catron* v. *Craw,* 164 Ill. 20; *Dooley* v. *VanHohenstein,* 170 id. 630; *Bonney* v. *Finch,* 180 id. 133; *Caldwell* v. *McElvain,* 184 id. 552.

Under the wording of the Australian Ballot law as construed by this court, ballots upon which the voters have placed pasters or stickers with the name of the candidate written or printed thereon must be held invalid and cannot be counted. (*Fletcher* v. *Wall,* 172 Ill. 426; *Roberts* v. *Quest,* 173 id. 427; *McSorley* v. *Schroeder,* 196 id. 99.) This seems to be conceded by counsel for appellant. It is argued, however, that the trial court was not justified in receiving the ballots in evidence, and that if they were com-

petent evidence for what they were worth, yet when there was no evidence to show that they were in the same condition as when cast or counted, the other evidence entirely destroyed the value of the ballots as evidence and that they could not overcome the return of the judges. The trial judge saw the ballot sack before it was opened, with the original seal attached. He heard the village clerk, in whose custody it was first placed, testify that it was in the same condition as when it was originally closed and sealed by the judges of election. He also heard the other witnesses and inspected the ballots. He also heard Willoughby, who handled the ballots at the election in counting the vote, testify that the ballots counted had stickers on them bearing the name of appellant written thereon, the same as the ballots produced from the ballot sack, though he could not tell how many. This testimony is not denied and it thus clearly appears that mistakes were made by the judges in their count, as there can be no question that the ballots for appellant with pasters thereon were illegal and should not have been counted for appellant. To this extent, therefore, the returns of the judges are discredited.

The law requires that the judges of election in their returns shall show the number of votes every person has received, "the number being expressed in words at full length." (Hurd's Stat. 1917, sec. 61, p. 1256.) This was not done at this election. The value of the tally-sheets and poll-lists is lessened by the fact that no public proclamation of the result was made. (*Catron* v. *Craw, supra.*) Where the evidence shows that both the judges of election and the custodian of the ballots have failed to properly perform their duties, neither the returns of the judges nor the ballots will prevail over the other, but the result must be determined after a consideration both of the returns and the ballots, with all the facts and circumstances surrounding the case. (*Graham* v. *Peters,* 248 Ill. 50; *Caldwell* v. *McElvain, supra; Dooley* v. *VanHohenstein, supra.*) Tak-

ing all these things into consideration, we cannot hold that the appellant has affirmatively shown the incorrectness of the holdings of the court in the decree below.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*