(No. 13008.—Judgment affirmed.)

JOHN LABANOSKI, Appellee, *vs.* THE HOYT METAL COMPANY, Appellant.

*Opinion filed February 18, 1920—Rehearing denied April 8, 1920.*

1. MASTER AND SERVANT—*Occupational Diseases act and Compensation act are not conflicting.* The Occupational Diseases act and the Workmen's Compensation act are not conflicting; nor is an employee given an election of remedies, as his remedy must be under the Compensation act if he is injured accidentally and under the Occupational Diseases act if he is injured in health because of a failure to comply with its provisions.

2. CONSTITUTIONAL LAW—*section 15 of Occupational Diseases act is not invalid.* Section 15 of the Occupational Diseases act, giving a right of action to any employee injured in health by willful failure of the employer to comply with any of the provisions of the act, is not unconstitutional as denying the equal protection of the law nor as embracing a subject not expressed in the title of the act, as it is a part of the means provided for enforcing the act and is reasonably necessary to secure the object indicated by the title.

3. WORKMEN'S COMPENSATION—*the words "accidental injury or death" are used in popular sense.* The words "accidental injury or death," appearing in the Compensation act, are used in their popular sense, as meaning an accidental injury that may be traced to a definite time, place and cause.

APPEAL from the City Court of Granite City; the Hon. HARRY STUTTLE, Judge, presiding.

W. D. CHAPMAN, MORGAN LEMASTERS, and KEEFE & BAXTER, for appellant.

HAROLD J. BANDY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This action was begun by plaintiff in the court below for damages alleged to have been sustained by him while in defendant's employment, resulting from defendant's willful violation of the statute known as the Occupational Disease act. (Hurd's Stat. 1917, p. 1469.)

Plaintiff began working for defendant May 2, 1918, and continued thereafter until October 2 following. When he began work he was a healthy man and weighed 187 pounds. Defendant was engaged in manufacturing and smelting lead products. Plaintiff worked at a furnace in the dross room. Fumes and vapor arose from the molten metal. Unless apparatus was provided to prevent it, the smoke and vapor would spread through the building and be inhaled by the workmen. Plaintiff had never worked in a lead plant before and claims to have contracted lead poisoning. After he had worked for defendant about two months he began to suffer from attacks of colic. He became constipated and had to take purgatives constantly. He grew sallow, anæmic and lost weight, so that when he quit work October 3 he weighed only 144 pounds. He had a blue gum line and other symptoms of lead poisoning. He became so ill that he had to quit work early in October. He called a physician, who found him delirious, and after treating him a few days sent him to a hospital in Granite City, where he remained about a week. From there he was taken to the county poor farm and afterwards was committed to the State Hospital for the Insane at Alton, where he remained about two months. His condition improved, the delirium disappeared and he was discharged from the hospital. Thereafter he brought this suit.

The declaration contains six counts, and alleges in the first count the injury to the plaintiff was caused by the willful violation of the Occupational Disease act in failing to

provide plaintiff with a respirator, as required by section 2 of the act. The second count charges the defendant willfully failed to provide and maintain adequate devices for carrying off poisonous fumes from the furnaces, in violation of section 8 of the act. The third count charges a willful failure to keep hoppers, chutes and other devices for containing melted lead covered, as required by section 10 of the act. The fifth count charges the defendant willfully failed to furnish plaintiff proper working clothing while he was at work for defendant, in violation of section 2 of the act. The sixth count charges that during all the time plaintiff worked for defendant it permitted the floors to be swept during working hours without first dampening them so as to prevent the raising of dust, as required by section 8 of the act. A general demurrer to the declaration by defendant was overruled, and defendant pleaded the general issue and a special plea setting up that the court had no jurisdiction of the cause; that if plaintiff had any right of recovery it was provided for under and by virtue of the Workmen's Compensation act. A demurrer to the special plea was sustained. A trial by jury resulted in a verdict and judgment for the plaintiff, and defendant appealed directly to this. court on the ground that certain constitutional questions were involved in the decision.

It is first contended by appellant that section 15 of the Occupational Disease act was repealed by implication by the Workmen's Compensation act; second, that section 15 is unconstitutional because it embraces a subject not included or referred to in the title of the act; third, that it is in violation of the fourteenth amendment to the constitution of the United States, in that it denies the equal protection of the law. The nature and extent of the injury suffered by appellee and the amount of the judgment recovered are not questioned or discussed in the briefs.

The first Workmen's Compensation act in this State was passed in 1911. Its object, as expressed by its title, was

to provide "compensation for accidental injuries or death suffered in the course of the employment," and that has been the purpose of the act, expressed in the title, in all the subsequent acts or revisions on that subject. The title of the Occupational Disease act is, "An act to promote the public health by protecting certain employees in this State from the dangers of occupational diseases, and providing for the enforcement thereof." That act and the Workmen's Compensation act of 1911 were passed at the same session of the legislature and were clearly intended to apply to different conditions and situations. An accident or accidental injury was defined in *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board*, 284 Ill. 378, and it was said the provision requiring notice within thirty days after the accident shows the accident must be traceable to a definite time, place and cause. The words "accidental injury or death" are used and are to be understood in their popular sense. An occupational disease, such as lead poisoning, does not occur suddenly but is a matter of slow development, and the Occupational Disease act was passed for the protection of employees from such diseases. Whether the Workmen's Compensation act of the State of Michigan, the title of which is very similar to ours, applied to occupational diseases was thoroughly considered by the Supreme Court of Michigan in *Adams* v. *Acme White Lead and Color Works*, 182 Mich. 157. It was held not to apply to such diseases but to injuries arising from accidents alone. The same ruling was made in *Miller* v. *American Steel and Wire Co.* 90 Conn. 349, and *Industrial Com.* v. *Brown*, 92 Ohio, 309. One objection made to the award in the *Matthiessen & Hegeler case, supra,* was that the employee died from an occupational disease and not as the result of an accident; and on this question the court said, in substance, that any occupational disease was not an accident; that there is a statute for the prevention of such diseases by requiring the employer to use certain precautions, and that an action may

be maintained against him for failure to comply with the act; that "for such failure the injured employee is not confined to the compensation provided by the Workmen's Compensation act nor limited by the amount provided by the act." We sustained a judgment in an action based on the Occupational Disease act in *Wilcox* v. *International Harvester Co.* 278 Ill. 465, but it was not contended there, as it is here, that the two acts were inconsistent. The two acts cover entirely different subjects and situations and are in nowise conflicting. They were passed, as we have said, by the same legislature at the same session. The employee is not, as appellant contends, given an election of remedies. If he is injured in health as a result of the willful failure of the employer to comply with the Occupational Disease act his remedy is under that act; if he is injured accidentally his remedy is under the Workmen's Compensation act. And this sufficiently disposes of the objection that section 15 violates the fourteenth amendment to the constitution, in that it denies the equal protection of the law.

The contention that section 15 is unconstitutional because it embraces a subject not referred to in the title of the act is untenable. Section 14 of the act provides penalties for its violation. Section 15 gives a right of action to any employee injured in health by willful failure of the employer to comply with any of the provisions of the act. The argument is that the subject of section 15 is foreign to the title of the act. We think this a misapprehension. The purpose of the act, as expressed in its title, is "to promote the public health by protecting certain employees in this State from the dangers of occupational diseases, and providing for the enforcement thereof." Section 15 is as germane to and as much a part of the means provided for the enforcement of the act as the penalty section. The title to our Child Labor act states its purpose to be, "to regulate the employment of children in the State of Illinois and to provide for the enforcement thereof." It provides a penalty for its violation

but contains no express provision authorizing an action for damages. It was held in *Strafford* v. *Republic Iron and Steel Co.* 238 Ill. 371, and *Beauchamp* v. *Sturges & Burn Manf. Co.* 250 id. 303, that a liability for damages resulting for violation of the act was created whether expressly so declared in the statute or not, and that such a construction did not render the act, or any part of it, obnoxious to the provision of the constitution that no act shall embrace more than one subject and that shall be expressed in the title. That provision of our constitution permits including in an act any means reasonably adapted to secure the object indicated by the title. *Larned* v. *Tiernan,* 110 Ill. 173.

There was no substantial contradiction of appellee's proof that appellant willfully failed to comply with the requirements of the statute for the protection of its employees and of appellee's permanent injury in health. D. S. Thompson, vice-president of appellant, testified in its behalf that the last time a State factory inspector visited the factory was in the summer of 1915; that the conditions as regards the furnace were the same then as when the witness testified but that the ventilation had been improved by putting in more windows and ventilators. He was asked to state what the inspector said about the plant being equipped in accordance with the requirements of the law. This was objected to and the objection was sustained. Complaint is made of that ruling of the court. The correctness of the ruling is so obvious as not to require discussion.

Certain instructions given on behalf of appellee are complained of as being mere abstract propositions of law. The instructions did not direct a verdict but merely stated what the law required of appellant for the protection of appellee. The instructions, considered as a series, are unobjectionable and did not prejudice appellant.

The judgment is affirmed.          *Judgment affirmed.*