THE PEOPLE *ex rel.* Lial C. Pollock, County Collector, Appellee, *vs.* CELESTINE J. RABOIN *et al.* Appellants.

*Opinion filed February 17, 1925.*

1. APPEALS AND ERRORS—*appellant's abstract should fully present the errors relied upon.* One bringing a case to the Supreme Court for review must furnish an abstract of record so complete as to fully set out the errors relied upon and sufficient for examination and determination of the case without examination of the record itself.

2. SAME—*Supreme Court will not search the record to find out what objections to taxes were made.* Upon appeal from an order of the county court overruling objections to taxes the abstract of record must show not only that objections were made in the county court but also what such objections were.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

A. F. GOODYEAR, and ROBERT F. GOODYEAR, for appellants.

ROSCOE C. SOUTH, and STEPHEN C. MALO, (ELMER A. TAYLOR, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from an order of the county court of Iroquois county overruling the objections of the appellants, Celestine J. Raboin and August F. LaMotte, to the application of the county collector for judgment for an alleged delinquent drainage assessment made by Ashkum Drainage District No. 1.

The ground of objection argued in this court is that the district had no jurisdiction to levy the assessment complained of, for the alleged reasons that there was no deficiency of assets, as required by law before an assessment might be lawfully levied, and that the classification on which the assessment objected to was spread was null and void.

While the abstract shows that written objections were made in the county court it does not show what those objections were or that these objections were made in the county court. Objections will not be considered in this court where the abstract does not show that such objections were made in the county court. (*City of Chicago v. Marsh,* 259 Ill. 68.) A party bringing a case to this court for review must furnish such a complete abstract of the record as will fully present every error and exception relied upon, sufficient for the examination and determination of the case, without the examination of the record itself. (*Jackson v. Winans,* 287 Ill. 382; *Froemke v. Marks,* 259 id. 146.) Where the abstract does not show what objections were made in the court below the court does not search the record to ascertain the issues but acts entirely upon the abstract. *Village of DesPlaines v. Winkelman,* 270 Ill. 149.

The judgment of the county court will be affirmed.

*Judgment affirmed.*