THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES NEWCOM, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. CRIMINAL LAW—*plaintiff in error must furnish complete abstract.* A party bringing a case to the Supreme Court for review must furnish such a complete abstract of the record as will fully present every error and exception relied upon and be sufficient for the examination and determination of the case without the examination of the record itself.

2. SAME—*statute is presumed to be valid.* In considering the constitutionality of an act all doubts or uncertainties arising either from the language of the constitution or the act must be resolved in favor of the validity of the statute, and the court will declare the act void only in case of a clear conflict with the constitution.

3. SAME—*what provisions may be included in general subject of act.* Where a statute has a general title, any means which are reasonably adapted to secure the object indicated in the title may be included in the act, and it may contain many provisions and details for the accomplishment of the legislative purpose without violating the constitution, and to render any provision void as not embraced in the title such provision must be incongruous with the title or must have no proper connection therewith.

4. SAME—*what is meant by "subject" of an act.* The word "subject," as used in the constitutional provision in regard to the title and subject matter of an act, signifies the basis or principal object of the act, and it may contain many objects growing out of and germane to it.

5. SAME—*act of 1921 providing a penalty for injuring persons or property by explosives is valid.* The act of 1921, "to punish persons for destroying property, or inflicting injury to persons, by means of any bomb, dynamite or other explosive, or any similar instrument or implement," does not violate the provision of section 13 of article 4 of the constitution that an act shall embrace but one subject, which must be expressed in the title.

6. SAME—*one good count is sufficient to support general verdict.* A general verdict of guilty as charged in the indictment will be supported by one good count in the indictment, and although other counts are bad, the denial of motions to quash and in arrest of judgment is not such error as requires a reversal of the judgment.

7. SAME—*effect of striking bill of exceptions.* Where a bill of exceptions is stricken from the record by the Supreme Court there is left for review only such errors as are assigned and argued upon the record aside from the bill of exceptions, and the court will confine its consideration to such errors.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. E. A. SOMERS, Judge, presiding.

H. R. LIGHTFOOT, and A. C. LEWIS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, CHARLES F. MANSFIELD, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, James Newcom, was indicted, tried and convicted in the circuit court of Saline county for a violation of an act of the legislature passed in 1921, entitled "An act to punish persons for destroying property, or inflicting injury to persons, by means of any bomb, dynamite or other explosive, or any similar instrument or implement."

The abstract filed in this court is defective, as it does not disclose what judgment was rendered by the circuit court. A party bringing a case to this court for review must furnish such a complete abstract of the record as will fully present every error and exception relied upon sufficiently for the examination and determination of the case without the examination of the record itself. (*People* v. *Raboin,* 316 Ill. 75.) In the present case, however, defendant in error has filed an additional abstract, which, while little more than an index, does show that plaintiff in error was convicted and sentenced.

It is contended by plaintiff in error that the section of the act under which the prosecution was brought is in vio-

lation of section 13 of article 4 of the constitution of this State, which provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title, but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." The section in question reads as follows: "Whoever shall willfully and maliciously destroy, damage, injure or deface any building used or designed for human occupancy, or shall attempt so to do, by means of any bomb, dynamite or other explosive, or by means of any similar instrument or implement, shall be imprisoned in the penitentiary for a period of not less than one year nor more than twenty years." (Smith's Stat. 1923, sec. 1, p. 683.)

It is plaintiff in error's contention that the title of the act has restricted the purpose of the act to punish persons for destroying property or inflicting injury to persons, and that having thus restricted the act it may not properly provide for the punishment of those who injure or deface property. The rule of law is, that an investigation like this, concerning the constitutionality of an act of the legislature, begins with the presumption that the act is valid. All doubts or uncertainties arising either from the language of the constitution or the act must be resolved in favor of the validity of the act, and the court will only assume to declare it void in case of a clear conflict with the constitution. The duty of the court is to so construe acts of the legislature as to uphold their constitutionality and validity if it can reasonably be done, and if their construction is doubtful the doubt will be resolved in favor of the law. *People* v. *McBride,* 234 Ill. 146; *People* v. *Thompson,* 155 id. 151; *People* v. *Hutchinson,* 172 id. 486; *City of Chicago* v. *Manhattan Cement Co.* 178 id. 372; *Arms* v. *Ayer,* 192 id. 601.

The constitutional provision in question has been uniformly construed liberally in favor of the validity of enactments. (*Blake* v. *People,* 109 Ill. 504.) When a general

purpose is declared, the means by which to accomplish that purpose are presumed to be intended as necessary incidents. (*People* v. *Hazelwood*, 116 Ill. 319.) Any means which are reasonably adapted to secure the object indicated in the title may be included in the act. (*Larned* v. *Tiernan*, 110 Ill. 173.) If by any fair intendment the provisions in the body of the act have a necessary or proper connection with the title it is not objectionable. (*Hudnall* v. *Ham*, 172 Ill. 76.) To render a provision in the body of an act void as not embraced in the title, such provision must be incongruous with the title or must have no proper connection with or relation to the title. (*People* v. *McBride*, *supra.*) If all the provisions of an act relate to one subject indicated in the title and are parts of it or incident to it or reasonably connected with it or in some reasonable sense auxiliary to the object in view, then the provision of the constitution is obeyed. (*Ritchie* v. *People*, 155 Ill. 98; *Boehm* v. *Hertz*, 182 id. 154; *Christy* v. *Elliott*, 216 id. 31.) An act may contain many provisions and details for the accomplishment of a legislative purpose, and if they legitimately tend to effectuate that object the act is not contrary to the constitutional provision. (*Town of Manchester* v. *People*, 178 Ill. 285; *Meul* v. *People*, 198 id. 258; *People* v. *Huff*, 249 id. 164.) If there is any question about a provision being within the title, it will be decided on the basis whether or not the provision tends to promote the object and purpose of the act as expressed in the title. (*Dolese* v. *Pierce*, 124 Ill. 140.) To render a provision of the act void because not expressed in the title it must have no connection or relation therewith. (*People* v. *Sayer*, 246 Ill. 382.) All provisions which are incidental or auxiliary to or in any reasonable sense will promote the object as indicated in the title are legitimately included in the act. (*People* v. *Huff*, *supra.*) The word "subject," as used in the constitution, signifies the basis or principal object of the act. It may contain many objects growing out of

and germane to it. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and properly included in the law. (*People* v. *Sargent,* 254 Ill. 514; *Hoyne* v. *Ling,* 264 id. 506.) Manifestly, the object of the legislature in passing the act in question was to prevent the destruction of property or the infliction of injury to persons by means of explosives, and any provision of the act which tends to prevent the damaging, injuring or defacing of property by means of such explosives is reasonably subservient to the general subject or purpose and is germane thereto and therefore properly included in the act. When the section of the statute under consideration is tested by the rules herein laid down, it is evident that it is not invalid by reason of section 13 of article 4 of the constitution.

The sufficiency of the indictment was challenged in the trial court by motions to quash the indictment and in arrest of judgment. The indictment consisted of nine counts, and while some of the counts are bad for failure to allege that the building in question was either used or designed for human occupancy, at least three of the counts contain every allegation necessary to constitute a good indictment. The verdict in this case was a general verdict of guilty as charged in the indictment, and the rule of law is, that if there is one good count in the indictment which is sufficient to support the judgment the denial of the motions to quash and in arrest of judgment is not such error as requires a reversal of the judgment. *Curtis* v. *People,* Breese, 256; *People* v. *McCann,* 247 Ill. 130; *People* v. *Jones,* 263 id. 564.

Other errors are assigned and argued in this case, but all of them pertain to matters which could only properly be preserved for review by a bill of exceptions. What purported to be a bill of exceptions having been stricken from the record by this court, there are left for review only such errors as are assigned and argued upon the record aside

from the bill of exceptions, and the court will confine its consideration to such errors. *People* v. *Rosenwald*, 266 Ill. 548; *People* v. *Ditto*, 317 id. 576.

No reversible error appearing from the record, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*