KATIE SWIERCZEK, Appellee, *vs.* JOHN BARAN, Appellant.

*Opinion filed February 16, 1927.*

1. CONSTITUTIONAL LAW—*constitutional provision as to title of act will be liberally construed.* Section 13 of article 4 of the constitution, in regard to the title of an act, will be construed liberally in favor of the validity of enactments, and to render a provision in the body of an act void as not embraced in the title such provision must be incongruous with the title or must have no proper connection with or relation to the title.

2. SAME—*what may be included in the "subject" of an act.* The word "subject," as used in section 13 of article 4 of the constitution, signifies the basis or principal object of an act, and if all the provisions of an act relate to the subject indicated in the title, and are parts of it, incident to it, reasonably connected with it or in some reasonable sense auxiliary and subservient to the general object or purpose, the law is not unconstitutional as embracing more than one subject.

3. PROHIBITION—*section 20 of Prohibition act does not violate constitutional provision as to title.* The provisions of section 20 of the Prohibition act providing a right of recovery for damages occasioned by the unlawful selling or unlawfully assisting in procur-

ing liquor for an intoxicated person are subservient to the general subject or purpose of the act as expressed in the title and do not violate section 13 of article 4 of the constitution, as said provisions are in a reasonable sense auxiliary to restricting the manufacture, transportation, possession and use of intoxicating liquor.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

CHARLES C. ROE, and WESLEY POTTS, (WILLIAM N. CRAWFORD, of counsel,) for appellant.

CHARLES W. LAMBORN, and ALBERT M. MYSOGLAND, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee brought suit against appellant in the superior court of Cook county under section 20 of the Prohibition act to recover damages occasioned by the unlawful sale of intoxicating liquor to her husband, Frank Swierczek. A trial resulted in a judgment for $1800 in favor of appellee, from which judgment appellant has appealed to this court.

The only question involved in this appeal is the constitutionality of section 20 of the Prohibition act, it being contended by appellant that the subjects embraced in this section are not expressed in the title of the act and therefore in violation of section 13 of article 4 of the constitution.

The title of the act is, "An act to restrict the manufacture, sale, transportation, possession and use of intoxicating liquor, aiding thereby in establishing uniformity in State and Federal laws in regard thereto." Section 20 of the act provides: "Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxi-

cation, and in such action such person shall have a right to recover actual and exemplary damages."

The constitutional provision in question has been uniformly construed liberally in favor of the validity of enactments. To render a provision in the body of an act void as not embraced in the title, such provision must be incongruous with the title or must have no proper connection with or relation to the title. (*People* v. *McBride,* 234 Ill. 146.) If all the provisions of an act relate to one subject indicated in the title, and are parts of it, incident to it, reasonably connected with it or in some reasonable sense auxiliary to the object in view, then the provision of the constitution is obeyed. The word "subject," as used in the constitution, signifies the basis or principal object of the act. It may contain many objects growing out of and germane to it. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and properly included in the law, and the law will not, by reason of such inclusion, be rendered unconstitutional as embracing more than one subject. *People* v. *Newcom,* 318 Ill. 188; *Italia America Shipping Corp.* v. *Nelson,* 323 id. 427.

The provisions of section 20 of the act in providing a right of recovery for damages occasioned by unlawfully selling or unlawfully assisting in procuring liquor for an intoxicated person may reasonably be said to be subservient to the general subject or purpose of the act and germane to the subject expressed in the title of the act and are in a reasonable sense auxiliary to restricting the manufacture, transportation, possession and use of intoxicating liquor and therefore do not come within the constitutional inhibition. This being the only question in this case, the judgment of the superior court must therefore be affirmed.

*Judgment affirmed.*