THOMAS ET AL. *v.* STATE OF INDIANA.

[No. 13,656. Filed April 24, 1929.]

*Claycombe & Stump* and *Ralph K. Lowder,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—This was an action brought by the State of Indiana against Julius Thomas and Ray Foster, each on a separate affidavit for the failure to bury hogs as required by the statute. The two causes were tried together.

Section 3726 Burns 1926, Acts 1913 p. 333, provides: "It shall be unlawful for any person caring for or owning

swine that have died to allow the carcasses to lie about the fields, yards, pens and hog houses. Such carcasses shall be disposed of immediately by cremating or by burying four feet deep and covering with quicklime, or by disposing of them to a state licensed person, firm or corporation licensed to render such carcasses under the rules and regulations of the state veterinarian."

The title of this act is as follows: "An act concerning the prevention, spread and control of infectious diseases among swine, defining the duties of persons and corporations in relation thereto and making appropriations consistent therewith and providing a penalty." It is contended by appellants that §8 of the acts of 1913 contains no reference to hogs that have died with infectious diseases, but the title of the act limits its contents to cases of that kind and by the section of the Constitution hereinbefore referred to, the operation of the act is limited to matters mentioned in the title of the act. The act must be confined to the things expressed in the title and the title limits its operations to swine having infectious diseases, citing *Crabb* v. *State* (1923), 193 Ind. 248, 139 N. E. 180, and numerous authorities cited therein; *Boyer* v. *State* (1908), 169 Ind. 691, 83 N. E. 350; 36 Cyc. 1025. We do not concur in this view.

The constitutional provision requiring subject of statute to be expressed in the title (Art. 4, §19, Constitution, §122 Burns 1926), permits including in an act any means reasonably adapted to secure the object indicated by the title.

*Labanoski* v. *Hoyt Metal Co.* (1920), 292 Ill. 218, 126 N. E. 548; *State* v. *Closser* (1912), 179 Ind. 230, 99 N. E. 1057. The Legislature, realizing the effect of dead swine carrying disease, specified that all carcasses should be cared for in a particular manner, whether they died from an infectious disease or not. This was not only a

reasonable method, but a necessary means of securing the object indicated by the title—that of preventing the spread of infectious diseases among swine.

The appellants were given the minimum fine of $25 each for not burying dead hogs upon their premises as required by statute.

The evidence, showing that more than 100 hogs died on the farm of the appellants and that the appellants neglected to bury or dispose of them in the manner provided by law, is ample to support the finding of guilty, and there are no other questions raised except the one question discussed in this opinion. The judgment is affirmed.